JUDGE STITES
delivered the opinion of the court:
The question here is, not whether appellee could have been compelled in the outset to pay the assessment for the improvement, but whether, having paid it, he has shown himself entitled to the aid of a court of equity to compel restitution from the city.
The ground relied on is, that the money was paid to the contractor upon the warrant of the city, under the belief that the ordinance directing the improvement was valid and binding, when, in point of fact, it was null and void, of which, however, appellee was ignorant when the payment was made. Or, in other words, that it was paid through mistake of law and fact.
In Underwood vs. Brockman, (4 Dana, 309,) and in Ray, &c., vs. Bank of Kentucky, (3 B. Mon., 513,) the doctrine relating to the right of a party to recover back money paid under such circumstances was investigated, and this court, after conceding that the principle allowing a recovery in such cases had been long contested, determined, in the latter case upon a review of all the authorities, English and American, the doctrine to be “ that whenever, by a clear and palpable mistake of law or fact essentially bearing upon or aifecting the contract, money has been paid without cause or consideration, which in law, honor, or conscience was not due and payable, and which, in honor or good conscience, ought not to be retained, it ought to be recovered back.”
In view of this principle, let us inquire whether this money, now claimed by appellee, was paid “ without cause or consideration,” and “ in honor or good conscience ” ought to be paid back by the city.
It is admitted by the failure to answer, that the ordinance was void, and that the money was, in fact, paid through mistake of law and fact; but such payment will not, of itself, suffice for a recovery. If it appear that the party paying has received^md enjoyed a benefit or consideration, he will not be aided by a court of equity in recovering back that which he has paid, but which he could not have been compelled to pay, had he resisted in the outset.
*154 That appellee has received a consideration for the money which he seeks to recover back, and is enjoying a benefit from the work and labor expended by the contractor upon the street in front of his property, is, we think, manifest from the petition and exhibits.
The petition admits that the improvement was made, and that his portion of the cost was paid upon the request of the city, and yet fails to say either that his property was injured or that the work was done in opposition to his wishes. It shows, moreover, that he made no complaint when the order was presented, but paid without hesitation. Is it not to be inferred, then, that some benefit accrued to him from the improvement, or are we to suppose that he would, without complaint, have submitted so patiently and so long to the improper exaction of money for work done bjr the order of the city, resulting in no good to himself or benefit to his property ?
The fact that an ordinance was attempted to be enacted requiring the pavement to be made, furnishes some evidence that it was intended for the benefit of the property holders, and when considered with his prompt acquiescence in paying for it, although knowing, as he must be presumed to have known, that any failure or neglect of the city in observing the law on the subject would have exonerated him from the assessment, is convincing proof that he was content with the improvement as beneficial to himself and neighbors, and was willing to contribute his share towards its cost.
But if, in view of the character of the improvement, and the silence and acquiescence of appellee therein for such a length of time, any doubt remained that it was in reality beneficial to him as a property holder, and constituted a consideration and benefit sufficient to defeat his recovery in this action, that doubt is removed by other evidence contained in the exhibit of the proceedings of the city council.
The city charter (Sess. Acts, 1850-51) contemplates two states of case in which streets may be graded and improved at the expense of the owners of property adjacent thereto, and prescribes the mode of procedure in each. 1st. Where there has been no application for the improvement by the property hold *155 ers, and it is ordered upon the judgment of the city councils. 2d. Where the improvement is made at the instance and request of the property holders by a petition presented for that purpose. In the first case the improvement cannot be made so as to charge the property holders except with “ a concurrence of two-thirds of the members elected, in office, in each board of the general council, to pass the ordinance to procure the improvement, and the final vote thereon to be taken by yeas and nays, recorded in the journal of proceedings of each board of the council.” In the second, a majority of the members of each council will suffice.
The proceedings exhibited show, not that the city assumed for herself to judge of the necessity of this work, but that in attempting to pass the ordinance for paving, she acted upon the petition of “J. Mitchell and others.” Mitchell, as appears from the subsequent assessment, was a property holder on the street, and the fact that the action of the city was upon the petition, authorizes the presumption that a majority of the property was represented by the petition.
We thus are furnished with proof that the work was deemed beneficial by the property holders, and we think the inference allowable that appellee was one of the petitioners. It does not appear, it is true, who the “ others” were. The petition is not copied in the proceedings; but as the assessment was then made against appellee, and he not only acquiesced in it, but promptly paid it off, and fails to aver or to intimate in his petition that the work was not done with his approval or at his instance, the inference Is certainly allowable, if not irresistible, that he united with his neighbors in praying that the improvement should be made, and was one of the “ others” referred to in the proceedings exhibited.
If this view be correct, and we have no doubt of its correctness, so far as it shows that appellee has derived a benefit and consideration for the money he is seeking to recover from the city, he is certainly not entitled to the relief he asks. He has not shown that he has paid out his money without “ cause or consideration,” nor that he is in “honor or good conscience” entitled to recover it back again.
*156 It may be, however, that he can show upon the return of the cause some fact or facts that will entitle him to the money thus paid through mistake, and an opportunity should be allowed him to amend within a reasonable time; and on failure so to do, he should be dismissed.
We need only remark with regard to the case of Kaye vs. Hall, (13 B. Mon., 458,) that the principle there asserted and here relied on has no application to the question just considered. No question is made here as to the validity of the ordinance. That is conceded to be void. The inquiry is, as has • been stated, whether Zanone has shown himself entitled to recover from the city the money he paid for the improvement made in front of his own property.
For the reasons stated the judgment is reversed, and cause remanded with directions to permit appellee to amend within a reasonable time, and in default thereof to dismiss his petition.