## COMMONWEALTH vs. THOMAS DARCEY.

A defendant in a criminal case who has been convicted by a trial justice, upon a plea of not guilty, and has appealed to the superior court, is not entitled to plead a misnomer in the superior court.

COMPLAINT for being a common seller of spirituous and intoxicating liquor, originally tried before a trial justice, by whom the defendant was convicted, upon a plea of not guilty. The defendant thereupon appealed to the superior court.

When arraigned in the superior court, before *Brigham*, J., the defendant proposed to plead that his true name was Dorsey, and that he was called and known by no other name than Dorsey; but the judge refused to admit such plea. The defendant was then tried and convicted, and alleged exceptions.

*C. Delano*, for the defendant. The appeal opened all issues of fact which were open before the trial justice. *Jones* v. *Robbins*, 8 Gray, 329. *Sullivan* v. *Adams*, 3 Gray, 476. *Commonwealth* v. *O'Neil*, 6 Gray, 343. *Commonwealth* v. *Dunham*, 22 Pick. 11. The true name of the defendant is a matter of sufficient concernment to him to entitle him to a trial of that question by a jury. There is no weight of common law precedent to the contrary. The order of pleas in common law courts is the result of statute regulations. The legislature have not deemed a misnomer immaterial. Gen. Sts. *c.* 173, § 19.

*Reed*, A. G., for the Commonwealth, cited *Commonwealth* v. *Butler*, 1 Allen, 4; *Commonwealth* v. *Willard*, ante, 189, *note;* *Commonwealth* v. *Chapman*, 11 Cush. 422. *Strahan's case*, 7 Cox Crim. Cas. 85.

HOAR, J. Misnomer can only be taken advantage of by plea in abatement; and a plea of not guilty to a criminal charge is a waiver of any objection of misnomer. *Commonwealth* v. *Lewis*, 1 Met. 151. The appeal from the judgment of a trial justice opens the issues which were made by the defendant before him. But after a plea of not guilty, a plea of misnomer in abatement could not be made before the trial justice; and we think cannot be made at any subsequent stage of the case.

If the defendant had pleaded in abatement before the justice and judgment had been rendered against him upon the plea, his appeal would have reinstated him in all his rights of defence. But there is no reason why he should have a second opportunity to make a dilatory plea which he has expressly waived. He can have all the advantage resulting from an acquittal or conviction, by proving, whenever it becomes material, that he is the person who was acquitted or convicted by the name to which he pleaded. And this he must do if he had been indicted and tried by his true name.                    *Exceptions overruled.*