JOSHUA D. BALL, administrator, *vs.* ELIZABETH J. WYETH, executrix.

Whether the legislature has a right, under the Constitution, to give an action foi the recovery of a debt already barred under a general statute of limitations, by a statute passed after the bar is complete, *quære.*

It is competent for a creditor who holds a mortgage or other security for a subsisting debt to absolve the debtor from personal obligation and agree to have recourse to the security alone for payment.

W., to save his relative and friend J. harmless on a credit which J. opened in W.'s favor upon a banker, and to secure the payment of whatever was due or might become due from himself to J., gave to J. a mortgage of various lots of land, including one known as the A. estate. J. assigned this mortgage, except so much as covered that estate, to L., who thereupon paid all of W.'s debt to J., except a balance of fifteen thousand dollars to become due on the credit. W. then, by a deed absolute in form and with full covenants of warranty, conveyed the equity of redemption of the A. estate to J., for the expressed consideration of fifteen thousand dollars, which J. then at W.'s request agreed to pay and did pay to L., who thereupon assumed payment of the balance on the credit. W. gave to J. no note or other form of personal obligation for this sum; and in J.'s agreement to pay it to L. it was described as money paid for the A. estate. At the same time, and as part of the same transaction, an indenture was executed between J. and W., in which J. leased to W. the A. estate for an annual rent, and it was agreed that W. should have the right to redeem the estate within a certain time, and that, after a certain other time, J. should have the right to sell the estate without notice or liability to account, if W. should not have exercised his right of redemption. The term of the lease and the time of the option of redemption were subsequently extended by mutual agreement; and neither then nor in any of the other subsequent dealings of the parties was any reference made to any existing debt of W. to J.; and J. subsequently also named W. one of the residuary legatees in his will, without any intimation that W. was his debtor. *Held* that the conveyance of the equity of redemption of the A. estate to J. extinguished and satisfied the debt of W. to J. which grew out of the letter of credit, and relieved W from any personal obligation to J. on account thereof.

BILL IN EQUITY filed May 28, 1864, on the St. of 1861, c. 174, § 2, and the St. of 1863, c. 235, by the administrator of the estate of Leonard Jarvis within this Commonwealth, against the executrix of the will of Nathaniel J. Wyeth, to recover the amount of a claim formerly sought to be enforced in an action at law by the same plaintiff against the same defendant, as reported 8 Allen, 275, and then decided to be barred, (if valid ever,) by the statute of limitations in favor of executors and administrators. The case was reserved by *Wells*, J., for the determination of the full court, and is stated in the opinion.

*J. D. Ball, pro se.*

*H. W. Paine*, for the defendant.

HOAR, J.  It is to be regretted that the claim which is the foundation of the present suit was not passed upon when it was before us in the action at law.  *Ball* v. *Wyeth,* 8 Allen, 275.  It was then decided that the defendant was protected by the special statute of limitations in favor of executors, and it was therefore unnecessary to determine whether the claim was valid upon other grounds.  But this suit is brought under the provisions of the St. of 1861, *c.* 174, § 2, and the St. of 1863, *c.* 235, which were passed for the purpose of furnishing a remedy to a creditor of a deceased person whose debt was barred by that special statute of limitations, when he had not been guilty of culpable neglect in failing to collect it at law, and when justice and equity might require it to be enforced.

We see no reason to modify the expression of the grave doubt which was suggested in *Prentice* v. *Dehon,* 10 Allen, 353, of the authority of the legislature to give an action for the recovery of a debt already barred under a general statute of limitations, by a statute passed after the bar is complete.  But, without determining that point, or considering how far there would be any requirement of justice and equity that this suit should be maintained, the court are of opinion that there was no debt due to the plaintiff's testator for which he was entitled to an action against the defendant's testator, irrespective of the statute of limitations, at the time this bill was filed.

There is no doubt of the principle for which the plaintiff contends, that the original letter of credit created a debt from N. J Wyeth to Jarvis, for which a mortgage was given; and that giving a mortgage or other security for a subsisting debt does not extinguish or merge the personal liability.  But there can be as little doubt that it is competent for parties to agree that the creditor shall look only to the security for his reimbursement, and that the debtor shall be absolved from all personal obligation; and such, we are satisfied from the whole evidence in the case, was the understanding and agreement between the parties to this transaction.

The mortgage which was given to save Jarvis harmless from the letter of credit on George Peabody, and to secure the pay

ment of whatever was then due, or might become due, from N. J. Wyeth to him, included a large number of pieces of land, of which the " Assabet estate " was one ; and was executed on the 20th of August 1851, the same day on which the letter of credit issued. This gave to Jarvis all the security which the Assabet estate, as a mortgage, could afford. Leonard J. Wyeth having become liable to Jarvis to guarantee him against loss by reason of the letter of credit, to the extent of one half thereof, this mortgage was transferred to him, except so much of it as covered the Assabet estate ; and he thereupon paid all of N. J. Wyeth's debt to Jarvis, except $15,000 to become due under the letter of credit. To meet this $15,000, N. J. Wyeth, by a deed absolute in form, and with full covenants of warranty, conveyed the " Assabet estate " to Jarvis, for the consideration of $15,000, which Jarvis, at his request, paid to Leonard J. Wyeth, who thereupon assumed the payment of the whole amount due upon the letter of credit. An indenture was executed at the same time between Jarvis and N. J. Wyeth, by which the latter was to have the right to redeem the Assabet estate within a time limited, upon certain specified terms and conditions, and a lease of it was made from Jarvis to Wyeth for an annual rent of $900. All the instruments were dated on the 17th of August 1852, and were parts of one transaction.

The form of this transaction was, the sale by N. J. Wyeth of the equity of redemption of the Assabet estate, and applying the purchase money to the discharge of the mortgage debt. He was a relative of Jarvis, and undoubtedly upon terms of friendship .with him. He gave no note or other form of personal obligation for ᵗhe $15,000. It was expressed as the consideration of the purchase of the estate; and in the agreement for the payment of it to Leonard J. Wyeth, it was spoken of as the money paid for the land. The indenture of defeasance executed at the same time, by which it was stipulated that N. J. Wyeth might redeem or repurchase the estate, may have made it, in the view of a court of equity, a mortgage. But while equity will sometimes treat as a mortgage a conveyance absolute in form, accompanied by an agreement for a reconveyance, it does not

follow that equity will therefore assume or create a personal legal liability which the parties have not established or recognized. The provision that, if the money was not paid within six years, Jarvis should be at liberty to sell the estate without notice or liability to account, even if it would not have been supported in equity as a restriction on the right of redemption, furnishes strong proof that the parties did not intend a continuing personal liability. The fact that a lease was immediately taken, and that the only payment which Wyeth covenanted to make was of rent and not of interest, tends to the same conclusion. The subsequent conduct of the parties; the absence of any subsequent allusion to any debt existing; the fact that, when the renewal of the lease and the extension of the time of redeeming the land were made, it was merely of the rights in the land, and without any reference to any obligation on the part of Wyeth to pay unless he should elect to redeem, show that it was not regarded as a debt. It is also to be noticed that each of the parties made his will after 1852, Jarvis making Wyeth one of his residuary legatees, without any intimation that he was a debtor to the estate; and Wyeth leaving it optional with his executors to redeem the Assabet estate or not as they should think expedient. This last fact is not perhaps evidence of the understanding of the parties in 1852, but it coincides perfectly with the interpretation which we have given to their previous dealings.

We are therefore, on the whole, of opinion that, when the conveyance of the Assabet estate was made in August 1852, it was the intention and understanding of the parties that it should operate as an extinguishment and satisfaction of the debt from Wyeth to Jarvis which grew out of the letter of credit; that no note or bond was given, because it was agreed that Jarvis should rely wholly upon the real estate for his security; that the value of the estate was supposed to be so great that it would be for the interest of Wyeth to redeem it, and the chief care was taken to secure to him the right to do so within reasonable limits, and, as equity will not raise a personal obligation which the parties did not contemplate, that the judgment in this suit should be                     *Bill dismissed with costs.*