W. L. ROBERTS *v.* THOMAS GREEN, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—279.]

**Recovery of Money Paid in Ignorance of One's Rights.**

When it is sought to recover money wrongfully paid on account of an assessment for a public improvement, in ignorance of plaintiff's rights, to make the petition good the plaintiff must negative the idea that he received any consideration for the money paid; and he cannot recover where it is shown that he has received a consideration and is enjoying the benefits derived from the improvement adjoining his real estate.

APPEAL FROM KENTON CIRCUIT COURT.

September 23, 1880.

OPINION BY JUDGE PRYOR:

Waiving the consideration of any other question that might be raised in this case, it is evident that the failure on the part of the appellant to allege that he had received no consideration or benefit, other than the usual advantages arising from such improvements in the city, will defeat his right of recovery. The improvement or pavement was made in front of appellant's property, and the direct benefit therefrom may have constituted a sufficient consideration for the payment of the money. This action is to recover back money wrongfully paid and in ignorance of appellant's rights, and it is certainly requisite that the plaintiff in such a case must negative the idea that he received any consideration for the money paid, if he has received a consideration and is enjoying the benefits derived from the improvement bordering on his property he cannot recover. *City of Louisville v. Zanone,* 1 Met. 151.

Judgment *affirmed.*

*Stevenson & O'Hara, for appellant.   R. D. Handy, for appellees.*