GEORGE D. DANFORTH *vs.* GROTON WATER COMPANY.

VALE MILLS *vs.* SAME.

</div>

<div align="center">

Middlesex.    March 6, 1900. — May 17, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

</div>

<div align="center">

*Assessment of Damages — Application for Jury — County Commissioners — Statute — Motion to dismiss.*

</div>

One whose water rights are taken under St. 1897, c. 338, incorporating the Groton Water Company, cannot apply directly to the Superior Court for a jury without first making application to the county commissioners for an assessment of damages.

TWO PETITIONS to the Superior Court for a jury to assess damages for the taking of certain alleged water rights by the respondent corporation. The respondent moved to dismiss the petitions for want of jurisdiction in that it did not appear that an application had been made, in the first instance, to the county commissioners for an estimate of the damages suffered by the petitioners, or that the county commissioners had ever made any estimate of such damages, or that the petitioners were in fact or in law parties aggrieved by the doings of the county commissioners in the estimation of their damages. Hearing before *Braley*, J., who sustained the motion and dismissed the petitions; and the petitioners having excepted, reported

the cases, at the request of the parties, for the determination of this court.

*J. D. Colt*, for Danforth.

*C. K. Cobb*, for the Vale Mills.

*W. F. Wharton*, for the respondent.

KNOWLTON, J.   The St. 1897, c. 338, incorporating the Groton Water Company, contains in § 4 the following provision: " Any person sustaining damages as aforesaid under this act, who fails to agree with the said corporation as to the amount of the damages sustained, may have the damages assessed and determined in the manner provided by law when land is taken for the laying out of highways, on application at any time within one year from the taking of such land or other property, or the doing of other injury under the authority of this act; but no such application shall be made after the expiration of the said one year.   No application for the assessment of damages for the taking of any water, water right or water source, or for any injury thereto, shall be made until the water is actually withdrawn or diverted by the said corporation under the authority of this act."

The only question in these cases is whether the petitioners are authorized to apply directly to the Superior Court for a jury, without first making application to the county commissioners for an assessment of damages.

When land is taken for the laying out of a highway, an estimation of damages by a jury can only be had upon an application in the nature of an appeal from the decision of the county commissioners by a party aggrieved by their action in such estimation.   Pub. Sts. c. 49, §§ 14, 32, 105.   The petitioners say that the award by the county commissioners, when a highway is laid out, is made as a part of the original proceeding, and not upon a formal application or petition of the land owner, and therefore contend that the provision for an application in this statute cannot mean an application to the commissioners to make an award.   This question has been carefully considered by this court and settled adversely to the contention of the petitioners in a series of cases.   *Worcester* v. *County Commissioners*, 100 Mass. 103.   *Riley* v. *Lowell*, 117 Mass. 76.   *Patch* v. *Boston*, 146 Mass. 52, 54.   In the first of these cases Mr. Jus-

tice Hoar said, in the opinion of the court: " The general policy of the law in regard to private property taken for public use is undoubtedly this : that the estimate of damages shall be made in the first place by or under the authority of some tribunal by whom it can be made more promptly and cheaply than by the intervention of a jury. . . . In the cases of highways and railroads, the county commissioners are the tribunal; and in regard to town ways, the selectmen, or the mayor and aldermen of cities." The adjudications in these cases make it clear that, although there need be no application to county commissioners to estimate damages when land is taken for a highway, inasmuch as it is their duty to estimate them of their own motion as a part of the original proceeding, the application called for under statutes like that before us is an application to the county commissioners to make an award.

It is contended that these cases were not rightly decided, or that if they were, the fact that under the present statute the application cannot be made until the water is actually diverted, and that it must be made within a year after the taking, calls for a different decision. We see no reason for overruling our decisions, or for making a distinction between the cases cited and the present case. It is said that the statute as construed by the Superior Court is indefinite and uncertain as regards the time when the application for a jury shall be made; but we see no such uncertainty. The one year within which an application for a jury may be made under Pub. Sts. c. 49, § 33, is " one year from the time of the adoption of the order," which means the order of the commissioners relating to damages. Under the statute before us the party aggrieved would have a year from the time of making the award or assessment of damages by the county commissioners within which to apply for a jury.

*Petitions dismissed.*