GEORGE D. DANFORTH *vs.* GROTON WATER COMPANY.

VALE MILLS *vs.* SAME.

Middlesex.    March 8, 1901. — April 3, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

The Legislature has a limited but not clearly defined power to pass laws affecting pending cases relieving just claims from defeat through mistake of procedure.

St. 1900, c. 299, providing that "No petition now or hereafter pending in the superior court for the assessment by a jury of damages sustained by any person by reason of any taking of property in the exercise of the right of eminent domain shall be dismissed for want of jurisdiction in said court solely on the ground that no previous application for the assessment of such damages had been made to a board of county commissioners, or that no award thereof had previously been made by a board of county commissioners," is not unconstitutional as applying to petitions against a corporation pending in the Superior Court, which before the act would have been dismissed because the petitioners had not applied first to the county commissioners, and where by the terms of the respondent's charter, the time for filing a new petition had expired. The effect of the act in saving the petitioners from being barred by the limitation in the respondent's charter is only secondary and accidental, and what is done directly is to enact that parties already in court shall not be defeated for neglect of a useless form.

TWO PETITIONS to the Superior Court for a jury to assess damages for the taking of certain alleged water rights by the respondent under its charter, St. 1897, c. 338, filed October 19, 1898.

At the hearing in the Superior Court, before *Braley,* J., the respondent moved to dismiss the petitions for want of jurisdiction of that court on the ground that no application had been

made in the first instance to the county commissioners of Middlesex County for an estimate of the damages suffered by the petitioners, and that it did not appear that the county commissioners had ever made any estimate of such damages, or that the petitioners were in fact or in law aggrieved by the doings of the county commissioners in the estimate of their damages. It was agreed that in fact no application had been made to the county commissioners for the assessment of damages. It appeared that the respondent first actually withdrew and diverted the water under authority of its charter, in November, 1897.

The judge ruled that the Superior Court had no jurisdiction, and dismissed the petitions. To this ruling the petitioners excepted, and, at the request of the parties, the judge reported the cases for the determination of this court.

The cases were submitted on briefs to this court on March 6, 1900, and on May 17, 1900, a rescript was handed down in each case sustaining the ruling of the Superior Court and directing an entry in that court in each case as follows: " Petition dismissed." The reason of the decision was stated therein as follows: " The petitioner should first have made application to the county commissioners." The opinion of the court is reported in 176 Mass. 118.

Between the time of the submission of the cases on briefs and the handing down of the rescripts, the Legislature on May 4, 1900, passed St. 1900, c. 299, which reads as follows: " Section 1. No petition now or hereafter pending in the superior court for the assessment by a jury of damages sustained by any person by reason of any taking of property in the exercise of the right of eminent domain shall be dismissed for want of jurisdiction in said court solely on the ground that no previous application for the assessment of such damages had been made to a board of county commissioners, or that no award thereof had previously been made by a board of county commissioners. The superior court shall have jurisdiction to hear and determine all such petitions now or hereafter filed or pending therein, notwithstanding the lack of such previous application to or award by a board of county commissioners. Section 2. This act shall take effect upon its passage. Approved May 4, 1900."

Subsequently, the existence of the statute having been brought

to the attention of the court, by agreement of the parties in both cases a rehearing was granted on the question of the effect of the act upon these cases.

The charter of the respondent contained the following provision : " Said corporation shall pay all damages sustained by any person in property by the taking of any land, right of way, water, water source, water right or easement, or by any other thing done by said corporation under the authority of this act. Any person sustaining damages as aforesaid under this act, who fails to agree with the said corporation as to the amount of the damages sustained, may have the damages assessed and determined in the manner provided by law when land is taken for the laying out of highways, on application at any time within one year from the taking of such land or other property or the doing of other injury under the authority of this act; but no such application shall be made after the expiration of the said one year. No application for the assessment of damages for the taking of any water, water right or water source, or for any injury thereto, shall be made until the water is actually withdrawn or diverted by the said corporation under the authority of this act." St. 1897, c. 338, § 4.

Under this section the petitioners' right to apply for the assessment of their damages expired in November, 1898, one year from the time when the water was actually withdrawn or diverted by the respondent, so that if their present petitions were dismissed they would be without remedy.

*W. H. Bent,* for Danforth.

*C. K. Cobb & W. D. Whitmore, Jr.,* for the Vale Mills.

*W. F. Wharton,* for the respondent. The Legislature cannot remove a bar or limitation which has already become complete. *Bigelow* v. *Bemis,* 2 Allen, 496, 497, and cases there cited.

Neither St. 1857, c. 133, nor the similar St. 1874, c. 341, extending the time for filing a petition, revived a right of action for damages for land taken to widen a street which was barred by the limitation of time before the passage of these statutes. *Loring* v. *Boston,* 12 Gray, 209. *Kinsman* v. *Cambridge,* 121 Mass. 558.

The Legislature cannot accomplish by indirection what it cannot accomplish directly. After the period of limitation in which

an application for an assessment of damages should have been made under the charter of the respondent corporation had expired, the corporation had not only the vested right to plead the statute of limitations as a defence, but it had also the vested right to hold the water rights taken free from the possibility of any claim for damages.

It is submitted that in St. 1900, c. 299, the Legislature has neither expressly nor impliedly manifested any intention to give to the Superior Court jurisdiction of causes of action barred by any statute of limitation at the time of the passage of that law; and, further, if such intention has been expressed, the provisions of law attempting to carry it out are clearly beyond the power of the Legislature to enact.

HOLMES, C. J.   These are petitions to the Superior Court for a jury to assess damages for the taking of water rights. The respondent filed motions to dismiss on the ground that the petitioners had not applied first to the county commissioners. The Superior Court dismissed the petitions, and on report its action was sustained by this court. 176 Mass. 118. · The decision was rendered on May 17, 1900. On May 3 had been passed c. 299 of the statutes of that year, but it escaped every one's attention until after the rescript had gone. A rehearing subsequently was granted by agreement of all concerned, on the single question of the effect of that act upon this case.

The water was actually withdrawn in November, 1897, and was taken not later than that date. By the respondent's charter, the right of the petitioners to apply for the assessment of damages was limited·to one year from the taking. Therefore as the law stood just before the enactment of St. 1900, c. 299, the petitioners had lost their chance of recovery from the respondent, because it then was too late to file new applications, and, as the previous decision in this case has shown, the petitions on file could not be entertained.

The statute provides that no such petition as the present " now or hereafter pending in the superior court . . . shall be dismissed for want of jurisdiction in said court solely on the ground that no previous application for the assessment of such damages had been made to a board of county commissioners." These words seem to us plainly to apply to the present petitions.

It is true that the petitions had been ordered to be dismissed, but the orders were made subject to a report to this court, as we have said, and the cases were still pending in the Superior Court. There can be no doubt of the intent of the statute, and the only question is whether it is constitutional with regard to those who, like the respondent, at the time of its passage had a good defence. There certainly is a strong argument that as against parties in the respondent's position the act cannot be sustained.

In *Campbell* v. *Holt*, 115 U. S. 620, in which it was held by a majority of the court that a repeal of the statute of limitations as to debts already barred violated no rights of the debtor under the fourteenth amendment, Mr. Justice Miller speaks as if the constitutional right relied on were a right to defeat a just debt. But the constitutional right asserted was the same that would be set up if the Legislature should order one citizen to pay a sum of money to another with whom he had been in no previous relations of any kind. Such a repeal requires the property of one person to be given to another when there was no previous enforceable legal obligation to give it. Whether the freedom of the defendant from liability is due to a technicality or to his having had no dealings with the other party, he is equally free, and it would seem logical to say that if the Constitution protects him in one case it protects him in all. With regard to cases like *Campbell* v. *Holt*, under the State Constitution the later intimations of this court have been that such a repeal would have no effect. *Bigelow* v. *Bemis*, 2 Allen, 496, 497. *Prentice* v. *Dehon*, 10 Allen, 353, 355. *Ball* v. *Wyeth*, 99 Mass. 338, 339. See also *Kinsman* v. *Cambridge*, 121 Mass. 558; *Rockport* v. *Walden*, 54 N. H. 167; *McCracken County* v. *Mercantile Trust Co.* 84 Ky. 344; Cooley, Const. Lim. (6th ed.) 448.

Nevertheless in this case, as in others, the prevailing judgment of the profession has revolted at the attempt to place immunities which exist only by reason of some slight technical defect on absolutely the same footing as those which stand on fundamental grounds. Perhaps the reasoning of the cases has not always been as sound as the instinct which directed the decisions. It may be that sometimes it would have been as well not to attempt to make out that the judgment of the court was

consistent with constitutional rules, if such rules were to be taken to have the exactness of mathematics.  It may be that it would have been better to say definitely that constitutional rules, like those of the common law, end in a penumbra where the Legislature has a certain freedom in fixing the line, as has been recognized with regard to the police power.  *Camfield* v. *United States*, 167 U. S. 518, 523, 524.  But however that may be, multitudes of cases have recognized the power of the Legislature to call a liability into being where there was none before, if the circumstances were such as to appeal with some strength to the prevailing views of justice, and if the obstacle in the way of the creation seemed small.

In some such cases there has been at an earlier time an enforceable obligation, in others there never has been one, but in both classes the courts have laid hold of a distinction between the remedy and the substantive right, or have said that " a party has no vested right in a defence based upon an informality not affecting his substantial equities," Cooley, Const. Lim. (6th ed.) 454, or that " there is no such thing as a vested right to do wrong," *Foster* v. *Essex Bank*, 16 Mass. 245, 273, or have called it curing an irregularity, *Thomson* v. *Lee County*, 3 Wall. 327, 331, *Lane* v. *Nelson*, 79 Penn. St. 407, *Randall* v. *Kreiger*, 23 Wall. 137, or have dwelt upon the equities, meaning the moral worth of the claim that was preserved, or by one device or another have prevented a written constitution from interfering with the power to make small repairs which a legislature naturally would possess.

In a case which would seem almost stronger than that of a debt barred by the statute of limitations it was held that services of an unlicensed physician which could not be recovered for when rendered were made a good cause of action by a repeal of the statute which created the bar.  *Hewitt* v. *Wilcox*, 1 Met. 154.  So in case of a usurious contract after a repeal of the usury law.  *Ewell* v. *Daggs*, 108 U. S. 143.

The constitutional difficulties in the way of the present statute are as small as they well can be.  Its effect in saving the petitioners from being barred by the statute of limitations in the respondent's charter is only secondary and accidental.  All that it does directly which is open to question is to enact that parties

having a case in court shall not be turned out for neglect of what under the circumstances was a naked and useless form. The case is stronger for the petitioners than *Campbell* v. *Holt* or *Hewitt* v. *Wilcox*. The respondent had incurred a legal obligation to them which, although not contractual, was voluntary and legal, and which was entitled to the highest protection of the law, as it sprang from the exercise of eminent domain. The petitioners were enforcing the obligation in good faith. There is no especially striking equity in favor of defeating them because of a mistake of procedure, and as the Legislature now has said that they shall not be defeated, we have not much hesitation in yielding to the current of decisions and in accepting its mandate as authoritative in this case.

*Motions overruled.*