OPINION OF THE JUSTICES TO THE SENATE.

*Constitutional Law,* Legislation favoring individual, Moral obligation, Remedial statute, Equal protection of laws, Due process of law. *Moral Obligation. Jurisdiction,* Justiciable question. *Words,* "Moral obligation."

Whether certain facts show a moral obligation is subject to judicial review. [802]

A pending legislative bill, authorizing a city to pay specified amounts to named persons as compensation for a taking of land by it by eminent domain where damages could not be recovered because proceedings for the assessment thereof had not been brought within the time limited by law, revealed a moral obligation on the part of the city, the discharge of which was stated in the bill to be the object of the proposed legislation; and such legislation, if enacted, would not violate art. 6, art. 7, or the guaranty of the protection of "standing laws" in art. 10, of the Declaration of Rights of the Massachusetts Constitution, or the Fourteenth Amendment of the Federal Constitution. [802–803]

On July 2, 1968, the Justices submitted the following answer to a question propounded to them by the Senate.

To the Honorable the Senate of the Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court respectfully submit this answer to the question in an order adopted by the Senate on June 18, 1968, and transmitted to us on June 20. The order recites the pendency before the Senate of a bill, House No. 2946, a copy of which was transmitted with the order. The title of the bill, as changed by the House committee on bills in the third reading, is, "An Act authorizing the city of Woburn to pay certain persons for the taking of their land as a moral obligation of said city."

The bill provides: § 1. "In order to discharge a moral obligation, the city of Woburn is hereby authorized to pay the following sums to the following persons, their heirs

or assigns as compensation for the taking of land by said town by eminent domain, damages for which cannot be recovered because action was not brought within the time fixed by law." Here follow the names of the owners of six parcels of land and the respective amounts · sought to be paid, varying from $300 to $1,545. Section 2 provides, "This act shall take effect upon its acceptance by the city of Woburn."

The order cites *Paddock* v. *Brookline*, 347 Mass. 230, 237, as holding that St. 1960, c. 519, was "repugnant to the Constitution of the Commonwealth"; and declares that that principle may be applicable to House No. 2946, and that "[g]rave doubt exists as to the constitutionality of the bill if enacted into law."

The question is:

"Would said bill, if enacted into law, be constitutional in view of the provisions of Articles VI, VII or X of the Declaration of Rights or section 1 of Article XIV of the Amendments of the Constitution of the United States?"

We invited briefs from interested persons to be filed by June 27. In response, briefs or other memoranda were filed by the following, who were all to whom the invitation was extended: the Attorney General, the Senate Counsel, the Assistant House Counsel, and the City Solicitor of Woburn.

The proposed bill does not offend against the principle of *Paddock* v. *Brookline*, 347 Mass. 230, and of cases it cites, notably *Holden* v. *James*, 11 Mass. 396, and *Dickinson* v. *New England Power Co.* 257 Mass. 108, 111-112. "Those cases involved special statutes which, by their terms, purported 'to exempt a named individual from the obligations of a general law while allowing the general law to remain in full force and effect as to all other persons.'" *Wachusett Regional Sch. Dist. Comm.* v. *Erickson*, 353 Mass. 77, 80-81. On the other hand, House No. 2946 merely purports to authorize the city, upon acceptance by it, to pay stated

sums to specified persons "[i]n order to discharge a moral obligation."

In the *Wachusett* case this court sustained, as constitutional, St. 1964, c. 711, which "authorized and directed" the school district to reconvey land which it had taken by eminent domain to owners who had failed to file a petition for assessment of damages under G. L. c. 79, § 16. In so doing, we said (p. 80): "It is clear from numerous decisions that a statute which confers a benefit on a named individual is not unconstitutional, provided that a 'legitimate public good is to be derived from' such a statute. *Gray* v. *Salem*, 271 Mass. 495, 498. . . . The case of *Danforth* v. *Groton Water Co.* 178 Mass. 472, 477–478 . . . [an opinion by Chief Justice Holmes] illustrates the manner in which the public good is served. Such legislation is a device which prevents 'a written constitution from interfering with the power to make small repairs which a legislature naturally would possess. . . . [The effect of such a statute] in saving the petitioners from being barred by the statute of limitations . . . is only secondary and accidental. . . . The respondent had incurred a legal obligation to them which although not contractual, was voluntary and legal, and which was entitled to the highest protection of the law, as it sprang from the exercise of eminent domain. . . . There is no especially striking equity in favor of defeating them because of a mistake of procedure, and as the Legislature now has said that they shall not be defeated, we have not much hesitation in yielding to the current of decisions and in accepting its mandate as authoritative in this case.' "

The situation presented by House No. 2946 does not differ greatly from the substantial purpose of the statute upheld in the *Wachusett* case. We agree with the argument of the Attorney General that support for the validity of the proposed bill can be found in the doctrine that "the public advantage is in the manifestation that the sovereign power is just." See *Opinion of the Justices*, 175 Mass. 599, 601.

Whether given facts amount to a moral obligation is always subject to judicial review. *Opinion of the Justices*, 157 Maine, 104, 109. As was said by Lehman, J., in *Ausable Chasm Co.* v. *State*, 266 N. Y. 326, 330–331, "Such terms as 'moral obligation' and obligations 'founded on justice and equity' are flexible. They serve to formulate the problem rather than to provide the formula by which the problem may be solved. No yardstick has ever been devised which can be mechanically applied. None the less, in every case there must exist an obligation which would be recognized, at least, by men with a keen sense of honor and with real desire to act fairly and equitably without compulsion of law. The Constitution does not prohibit the Legislature from doing in behalf of the State what a fine sense of justice and equity would dictate to an honorable individual. It does prohibit the Legislature from doing in behalf of the State what only a sense of gratitude or charity might impel a generous individual to do." See note in 172 A. L. R. 1407, "What constitutes moral obligation justifying appropriation of public moneys for benefit of an individual."

House No. 2946 and the order do not greatly enlighten us as to the circumstances giving rise to the moral obligation. We do not know the date or other circumstances of the takings, but we do not doubt that these are moral obligations. The city took the land by sovereign power, no compensation has been paid, and no countervailing considerations appear. Under G. L. c. 79, § 6 (as amended), in making a taking there was a duty to "award the damages sustained . . . by reason of such taking." An award of fair value would spare an owner the burden of resorting to litigation to obtain that to which he is justly entitled. See *Newton Girl Scout Council, Inc.* v. *Massachusetts Turnpike Authy.* 335 Mass. 189, 190–191n; *Commonwealth* v. *Massachusetts Turnpike Authy.* 349 Mass. 1, 2n.

The Woburn bill is not repugnant to the guaranty of the protection of "standing laws" in art. 10 of the Declaration of Rights.

For similar reasons it is our opinion that there is no viola-

tion of the Fourteenth Amendment to the Constitution of the United States. *Campbell* v. *Holt,* 115 U. S. 620. *Chase Sec. Corp.* v. *Donaldson,* 325 U. S. 304, 311–316.

There is no violation of arts. 6 and 7 of the Declaration of Rights. See *Sheridan* v. *Gardner,* 347 Mass. 8, 15.

We answer the question, "Yes".

> RAYMOND S. WILKINS.
> JOHN V. SPALDING.
> ARTHUR E. WHITTEMORE.
> R. AMMI CUTTER.
> PAUL G. KIRK.
> JACOB J. SPIEGEL.
> PAUL C. REARDON.