## COMMONWEALTH vs. GRIDLEY B. ROWELL.

Suffolk.　February 3, 1888. — February 6, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Complaint — Surplusage — Evidence — Milk.*

An averment in a complaint under the milk acts, that the defendants were "part-ners," is mere surplusage, and need not be proved.

On such a complaint, evidence that the defendant was on a wagon with a license number on it and containing milk cans, from one of which was taken adulter-ated milk, is competent on the issue that he was in possession of the milk to sell it.

COMPLAINT to the Municipal Court of the city of Boston, in two counts. The first count alleged that " Gridley B. Rowell and John A. Lawrence, copartners in trade," on July 22, 1887, " did have in their possession a certain quantity, that is to say one pint, of milk not of good standard quality, that is to say milk containing less than thirteen per cent of milk solids, with intent then and there unlawfully to sell the said milk." The second count alleged that " Rowell and the said Lawrence, copartners as aforesaid, did have in their possession a certain quantity, that is to say one pint, of milk, to which a certain foreign substance, to wit, annatto coloring-matter, had been added, with intent then and there unlawfully to sell the said milk."

In the Municipal Court, Lawrence was acquitted, and the defendant was tried and found guilty. Trial in the Superior Court, on appeal, before *Bacon*, J., who allowed a bill of exceptions in substance as follows:

The government introduced evidence tending to show that one pint of milk was taken from a two-quart can, not marked " Skimmed milk," on a team on which was painted the license number and the name " Rowell & Lawrence," — on which team was the defendant, with certain other cans of milk, — and that the milk was handed to a chemist, in the employ of the milk inspector, for analysis, both of whom testified as to the results.

There was also evidence, on cross-examination of the government witnesses, that there were other milk dealers in Boston named Rowell.

The government offered no evidence tending to prove a copartnership between the defendant and Lawrence, and no evidence that the defendant was the servant or agent of said copartnership, or of any other person.

The defendant offered no evidence, and asked the judge to rule that, under the complaint, the defendant could not be convicted; but the judge declined so to rule, and ruled that if the jury believed beyond a reasonable doubt that the milk was in the possession of the defendant, at the time the sample was taken from the can, with intent to sell the same, he should be convicted, notwithstanding the allegations in the complaint in reference to copartnership with Lawrence.

The defendant requested the judge to instruct the jury: "1. In order to convict, the government must prove that there was a copartnership between Rowell and Lawrence, and that the defendant was one of said partners Rowell and Lawrence, the name on the wagon. 2. The government not having submitted any evidence that there was such a copartnership, and no evidence that he was a copartner, and no evidence that he was the servant or agent of said copartnership, or of any other person, he cannot be convicted. 3. The mere fact that the defendant was in the wagon marked Rowell and Lawrence would not of itself be evidence that he intended to sell the milk, or expose or exchange, or offer for sale or exchange, said milk. 4. If the cart did not belong to Rowell, then the milk was not in his possession."

The judge declined to give these instructions, but instructed the jury that, if the defendant was upon the wagon, and in charge of the same, that was evidence from which the jury might find that he was in possession of said milk with intent to sell the same. The jury returned a verdict of guilty on the second count, and of not guilty on the first count; and the defendant alleged exceptions.

*F. A. Perry,* for the defendant.

*A. J. Waterman,* Attorney General, (*H. C. Bliss,* Assistant Attorney General, with him,) for the Commonwealth.

MORTON, C. J. The first count of the complaint charges that " Gridley B. Rowell and John A. Lawrence, copartners in trade, of said Boston," had in their possession, with intent to sell it,

milk not of good standard quality; the second count, upon which alone the defendant Rowell was convicted, charges that "the said Rowell and the said Lawrence, copartners as aforesaid," had in their possession, with intent to sell it, milk to which a foreign substance had been added.

The court refused to rule that it was necessary for the government to prove that Rowell and Lawrence were copartners, and the defendant Rowell excepted. The rule is that mere surplusage will not vitiate a complaint or indictment, and need not be established by proof.

The complaint must allege all the material elements which constitute the offence charged, and they must be proved. And if the complaint unnecessarily alleges anything which is descriptive of the identity of the offence, it must be proved as alleged. But any allegations not descriptive of the identity of the offence, which can be omitted without affecting the charge against the defendant, and without detriment to the complaint, may be treated as surplusage, and need not be proved. *Commonwealth* v. *Pray*, 13 Pick. 359. *Commonwealth* v. *Cooley*, 10 Pick. 37. *Commonwealth* v. *Lewis*, 1 Met. 151.

In the case at bar, the allegation that the defendants are copartners in trade is entirely immaterial. If it be stricken out the complaint is good, and the same offence is charged. It is not one of the elements of the offence that they were partners, and the allegation may be rejected as surplusage and need not be proved. The rulings of the court upon this subject were correct.

The court also correctly ruled that the fact that the defendant Rowell was upon the wagon, under the circumstances stated in the testimony in the case, was competent evidence for the jury upon the issue whether he was in possession of the milk with intent to sell it.                    *Exceptions overruled.*