EL PUEBLO, DEMANDANTE Y APELADO, *v.* ANDINO ET AL., ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por venta de leche adulterada.

No. 692.—Resuelto en julio 24, 1914.

LECHE ADULTERADA—OFRECIMIENTO DE LA MISMA EN VENTA—INSUFICIENCIA DE LA PRUEBA.—Cuando, como en este caso, sólo se prueba que la leche que se dice estar adulterada llegó al establecimiento de los acusados en el mismo momento en que llegó allí el inspector de sanidad, y que la leche acababa de vaciarse en el recipiente y el carretero salía con el jarro que había acabado de vaciar, es evidente que tal prueba es insuficiente para establecer la culpabilidad de los acusados.

ID.—POSESIÓN DE LECHE ADULTERADA—OFRECIMIENTO DE LA MISMA EN VENTA.— El mero hecho de que los acusados estén en posesión de leche adulterada cuando no se prueba que la han ofrecido en venta, no constituye delito alguno.

ID.—OFRECIMIENTO DE LA MISMA EN VENTA—PRUEBA DE LOS ELEMENTOS DEL
    DELITO.—En causas criminales de la naturaleza de la presente en que no
    es necesario probar la intención criminal, es indispensable demostrar fuera
    de toda duda razonable la existencia de los elementos constitutivos del delito
    especificados en el estatuto.

Los hechos están expresados en la, opinión.

Abogado del Pueblo: *Sr. Salvador Mestre, Fiscal.*

Abogado de los acusados: *Sr. Pedro Santana, Jr.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Se imputó a los acusados el delito de que voluntaria e
ilegalmente habían ofrecido en venta como pura leche que
estaba adulterada. La corte los declaró culpables, conde-
nando a cada uno de dichos acusados a sufrir cuatro días
de cárcel. Expresa el Fiscal en su alegato que el único motivo
en que se funda la apelación es el de no haberse probado la
intención criminal, pero los apelantes en realidad se basan
en el hecho de no haber probado el Fiscal su acusación.

Juan Requena, inspector de Sanidad, declaró que ocupó
alguna leche en el establecimiento de los acusados la que
quedó demostrado por la prueba que estaba adulterada. Re-
preguntado el inspector por el abogado de los acusados e
interrogado a la vez por la corte, manifestó que la leche que
se alegó estaba adulterada había llegado precisamente al
establecimiento de los acusados cuando él mismo llegó; que
la leche acababa de vaciarse en el recipiente y el carretero
salía con el jarro que había acabado de vaciar. Esta fué en
sustancia toda la prueba presentada por el Fiscal la que no
fué suficiente para declarar culpables a estos acusados.

Todo lo que la prueba revela es que los acusados habían
recibido en aquel momento leche adulterada de una tercera
persona. No existe la más mínima, prueba de que ofrecieran
ellos para la venta la leche adulterada. Ni hay nada que si-
quiera muestre que dichos acusados hubieran ofrecido en
venta la referida leche. La prueba demuestra únicamente
que ellos estaban en posesión de la leche adulterada lo que
no es lo mismo que probar que la ofrecieran en venta. Los

acusados podrían haber examinado la leche y negarse a venderla. Como quiera que fuere la prueba no muestra el delito imputado en la acusación ò el que determina el estatuto. Este es un procedimiento criminal en el cual no se tiene en cuenta la intención criminal, y por tanto hay tal vez mayor razón para que se demuestren fuera de toda duda razonable los elementos especificados en el estatuto.

Como puede verse, los hechos en este caso son distintos a los de *El Pueblo* v. *Gautier*, 20 D. P. R., 327. De ahí que la jurisprudencia establecida en el de Gautier no le sea aplicable.

Debe revocarse la sentencia y absolverse a los acusados.

> *Revocada la sentencia apelada y absueltos los acusados.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison firmó haciendo constar estar conforme con la sentencia.