PEOPLE, PLAINTIFF AND APPELLEE, *v*. PÉREZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution for an Offense against Public Health.

No. 933.—Decided May 22, 1916.

PUBLIC HEALTH—ADULTERATION OF MILK—INFORMATION.—The Act of March 10, 1910, amending section 337 of the Penal Code as amended in 1909, does not specify how milk may be adulterated or diluted, but provides that the adulteration or dilution consists in its not conforming to the standard; therefore the information need not allege the manner in which it was adulterated.

ID.—ADULTERATION OF MILK—MILK-STAND—PRESUMPTION.—The mere fact of having a milk-stand open to the public for the sale of milk is sufficient to raise the presumption that the milk found there is intended for sale, because such is the object of milk-stands; therefore the *fiscal* was not required to prove that the milk was offered for sale.

ID.—ADULTERATED MILK—POSSESSION.—In the case of *People v. Andino*, 21
P. R. R. 211, it was held that the proof of possession alone was not suffi-
cient to establish the guilt of the accused, but that was because the milk
was received just at the moment when the sanitary inspector arrived and
had just been emptied into the receptacle, there being no time to have offered
the milk for sale.

ID.—ADULTERATED MILK—SAMPLE OF MILK.—The fact that the sanitary inspector
did not deliver to the defendant a duplicate of the sample of the milk which
he took to send to the laboratory for analysis does not excuse the offense
of which the appellant was convicted, for it is not required by law.

The facts are stated in the opinion.

*Mr. Leopoldo Feliu* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Diego Pérez took this appeal from a judgment convicting
him of the offense of adulterating milk on an information
charging that on a certain date and at a given place he fraud-
ulently and maliciously kept and offered for sale adulterated
milk as pure and unadulterated.

The first basis of his appeal is that the lower court erred
in overruling his demurrer to the information on the ground
that it was insufficient to charge an offense because it did
not state of what the adulteration of the milk consisted.

The Act of March 10, 1910, amending section 337 of the
Penal Code, as amended in 1909, provides for the punish-
ment of every person who adulterates or dilutes milk with
the intent to offer the same for sale, or cause or permit it to
be offered for sale, and every person who sells, offers, or
keeps the same for sale. It also provides that milk shall be
deemed and held to be adulterated when the same does not
conform to the standard that shall be prescribed by the com-
petent authorities. The act does not say how the milk may
be adulterated or diluted, although it provides, as we have
seen, that the adulteration or dilution consists in its not con-
forming to the standard, wherefore the information need
not allege the manner in which it was adulterated.

We will consider together the other two grounds on which
the appeal is based, as the appellant did, for they refer to

the insufficiency of the evidence to support the judgment of conviction.

It appears from the evidence that Magín Moyés, the only witness who testified regarding the seizure of the milk, said, among other things, that the defendant is the owner of the milk-stand where he seized the milk, having a sister-in-law of his in charge of the same; that Pérez received the milk in the morning and when during the afternoon he took the sample which proved to be adulterated from a full pail in the refrigerator, only a niece of the appellant was present, and that after appellant learned of this he asked the witness not to send the sample to the laboratory in the name of his niece but in his own name as he assumed the responsibility.

Notwithstanding this evidence, the appellant contends that it was not shown that he had the said milk-stand for the purpose of engaging in the sale of milk, and much less for its sale to the public, and that the facts testified to by Moyés are not sufficient to prove the offense of which he was convicted. However, the mere fact of having a milk-stand open to the public is sufficient to raise the presumption that the milk found there is intended for sale, because such is the object of milk-stands and, therefore, the *fiscal* was not required to prove that the milk was offered for sale. The case of *Commonwealth* v. *Rowel,* 146 Mass. 128, is similar to this case. The appellant contends also that according to the case of *The People* v. *Andino,* 21 P. R. R. 211, the mere possession of adulterated milk is not sufficient proof that it was kept for sale or that it was offered for sale, but that case is inapplicable to this because although it was there held that the proof of possession was of itself insufficient to establish the guilt of the accused, the reason was that the milk was received just at the moment when the sanitary inspector arrived and had just been emptied into the receptacle and the cartman was leaving with the empty cans—facts which are not present in this case. In other words, the defendant was acquitted in

that case because there was actually no time for him to have offered the milk for sale.

. . The testimony of Moyés that the defendant was the owner of the milk-stand, to which no objection was made, was sufficient to prove that fact without the necessity of introducing the license certificate to keep a milk-stand issued by the Sanitary Department. Therefore, it having been proved that the appellant was the owner of the milk-stand, the *fiscal* was not required to prove, as contended by the appellant, that the person found in charge of the stand at the time the samples were taken was his employee. The defendant had a milk-stand for the sale of this article, and it is immaterial whether he sold, offered, or kept it for sale personally or through an employee (*The People* v. *Gautier,* 20 P. R. R. 311,) or any other person not an employee. As to the fact that the sanitary inspector did not deliver to the defendant a sample of the milk which he took to send to the laboratory, this does not excuse the offense of which the appellant was convicted for it is not required by law.

The decision appealed from should be

*Affirmed.*

Justices del Toro and Hutchison concurred.

Chief Justice Hernández and Justice Wolf took no part in the decision of this case.