EL PUEBLO, DEMANDANTE Y APELADO, *v.* PÉREZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa por delito contra la salud pública.

No. 933.—Resuelto en mayo 22, 1916.

DELITO CONTRA LA SALUD PÚBLICA—SALUD PÚBLICA—ADULTERACIÓN DE LECHE—LECHE ADULTERADA—ACUSACIÓN SUFICIENTE.—La ley de 10 de marzo de 1910 enmendatoria del artículo 337 del Código Penal según quedó enmendado en 1909 no dice cómo puede ser adulterada o diluída la leche, aunque dispone que la adulteración o dilución consiste en no ajustarse la leche al grado legal (*standard*), por lo que no necesita la acusación exponer la manera cómo fué adulterada.

Id.—Adulteración de Leche—Depósito de Leche Abierto al Público—Presunción de Tener Leche a la Venta.—El solo hecho de tener un depósito para dedicarse a la venta de leche abierto al público, es bastante para levantar la presunción de que la leche que en él se encuentra está destinada a la venta, porque tal es el objeto de los depósitos de leche y, por tanto, no necesita el Fiscal probar que la leche se anunciaba en venta.

Id.—Leche Adulterada—Posesión de Leche Adulterada—Distinción Entre Este Caso y el de El Pueblo v. Andino, 21 D. P. R. 225.—En el caso de *El Pueblo* v. *Andino*, 21 D. P. R. 225, se declaró que la prueba de posesión no era suficiente en aquel caso por sí sola para establecer la culpabilidad, pero fué porque la leche se había recibido en el depósito precisamente en el momento de llegar el inspector de Sanidad, cuando acababa de vaciarse en el recipiente, por lo que no hubo tiempo material para tener la leche a la venta.

Id.—Entrega de Muestra de Leche al Acusado.—No excusa el delito de adulteración de leche el que el inspector de Sanidad no entregue una muestra de la leche que envía al laboratorio para su examen, pues la ley no exige tal requisito.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Leopoldo Felíu.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Diego Pérez interpuso este recurso de apelación contra sentencia que lo declaró convicto del delito de adulteración de leche mediante acusación en la que se le imputó que en cierta fecha y lugar fraudulenta y maliciosamente tenía y ofrecía en venta, como buena y no adulterada, leche de vaca que estaba adulterada.

El primer motivo en que basa su recurso es que el tribunal inferior cometió error al desestimar la excepción que opuso contra la acusación fundándose en que era insuficiente para imputarle un delito por no expresar en qué consistió la adulteración de la leche.

La ley de 10 de marzo de 1910 enmendatoria del artículo 337 del Código Penal según quedó enmendado en 1909, dispone el castigo de toda persona que adulterare o diluyere leche con la intención de ofrecerla en venta, o que causare o permitiera que se ofrezca en venta, y el de la persona que, adulterada o diluída, la vendiere, ofreciere o tuviere a la

venta; consigna también que se considerará y se tendrá por leche adulterada o diluída aquella que no diere la prueba que se prescribe por las autoridades competentes, las que deberán fijar su grado legal (*standard*). No dice la ley cómo puede ser adulterada o diluída la leche aunque dispone, como hemos visto, que la adulteración o dilución consiste en no ajustarse la leche al grado legal (*standard*), por lo que no necesitaba la acusación exponer la manera cómo fué adulterada.

Los otros dos motivos en que se funda el recurso los consideraremos conjuntamente, lo mismo que hace el apelante, porque se refieren a la insuficiencia de la prueba para sostener la sentencia condenatoria.

De la prueba resulta que el testigo Magín Moyés, único que declaró respecto a la ocupación de la leche, declaró, entre otras cosas, que el acusado es el dueño del depósito en que ocupó la leche, teniendo encargada de él a una cuñada; que Pérez recibió la leche por la mañana y que cuando por la tarde tomó la muestra de leche que resultó adulterada, de un balde lleno que estaba en la nevera, solamente estaba allí una sobrina del apelante y que éste le dijo después que se informó del hecho que no enviara la muestra al Laboratorio de San Juan a nombre de su sobrina, sino al suyo; porque él se hacía responsable.

A pesar de esta prueba sostiene el apelante que no se ha demostrado que tuviera ese depósito para dedicarse a la venta de leche y mucho menos que la tuviera para su venta al público y que los hechos declarados por Moyés no bastan para probar el delito por el cual se le condenó. Sin embargo, el solo hecho de tener un depósito de leche abierto al público, es bastante para levantar la presunción de que la leche que en él se encuentra está destinada a la venta, porque tal es el objeto de los depósitos de leche y, por tanto, no necesitaba el Fiscal probar que la leche se anunciaba en venta. El caso de *Commonwealth* v. *Rowell,* 146 Mass. 128, es similar al presente. Pero sostiene también el apelante que de acuerdo con

el caso de *El Pueblo* v. *Andino,* 21 D. P. R. 225, la mera posesión de leche adulterada no es prueba suficiente de que se tenía para la venta o que se ofrecía en venta, caso que no es aplicable al presente porque si bien en él se declaró que la prueba de posesión no era suficiente en aquel caso por sí sola para establecer la culpabilidad, fué porque la leche se había recibido en el depósito precisamente en el momento de llegar el inspector de Sanidad, cuando acababa de vaciarse en el recipiente y salía el carretero con los envases vacíos, hechos que no ocurrieron en el presente caso. En otras palabras: se absolvió entonces, porque no había tiempo material para tener la leche a la venta.

La declaración de Moyés respecto a que el acusado era el dueño del depósito, hecha sin objeción, fué bastante para probar ese extremo sin que fuera necesario presentar la certificación de la licencia expedida por la Sanidad para tener el depósito de leche. Probado, pues, que el apelante era el dueño de tal depósito, no necesitaba el Fiscal probar, como sostiene el apelante, que la persona que se encontraba al cuidado del depósito en el momento de tomar las muestras de la leche era su empleada. Tenía el acusado un depósito de leche para la venta de este artículo, e importaba poco si la vendía, ofrecía o tenía a la venta por sí mismo, por medio de un empleado, *El Pueblo* v. *Gautier,* 20 D. P. R. 332, o por cualquier otra persona que no tuviera tal carácter. Y en cuanto a que el inspector de Sanidad no entregara al acusado una muestra de la leche que tomó para enviar al Laboratorio, esto no excusa al delito de que fué declarado culpable el apelante, pues la ley no exige tal requisito.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

El Juez Presidente Sr. Hernández y Asociado Sr. Aldrey no intervinieron en la resolución de este caso.