EL PUEBLO, DEMANDANTE Y APELADO, *v.* RÍOS, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por adulteración de leche.

No. 1556.—Resuelto en julio 15, 1920.

DELITO CONTRA LA SALUD PÚBLICA—VENTA DE LECHE ADULTERADA—PRUEBA INSUFICIENTE.—A falta de presunción de que la leche adulterada que había en un depósito estaba destinada a la venta, y en ausencia de prueba de que esa leche fué puesta a la venta o vendida, no podrán estimarse demostrados fuera de toda duda razonable los elementos especificados en el estatuto sobre la materia para la existencia del delito.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. R. Martínez Nadal.*

Abogados del apelado: *Sres. J. E. Figueras, Fiscal* y *C. Llauger.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En la acusación se imputa al acusado Emilio Ríos el delito consistente en que el día 5 de octubre de 1919, en la calle Comercio esquina a Salud, de Ponce, P. R., dentro del distrito judicial del mismo nombre, ilegal, voluntaria y maliciosamente tenía para la venta leche de vaca adulterada;

y la Corte de Distrito de Ponce dictó contra él sentencia con-
denatoria, que ha sido apelada para ante esta Corte Suprema.

Fúndase únicamente el recurso en errónea apreciación de
la prueba.

Declara Genaro Santiago Vázquez, inspector de sanidad,
que en el depósito de leche que para la venta de ese líquido
tenía el acusado, encontró tres porrones de los que tomó la
muestra correspondiente, cuyo análisis demostró que estaba
adulterada.  No hay duda de que lo estaba.

El hecho de estar los tres porrones en un depósito de
leche, abierto al público, de que era dueño el acusado, ori-
gina la presunción de que la leche en ellos contenida estaba
destinada a la venta, pues tal es el objeto de los depósitos
de leche.  *El Pueblo* v. *Pérez*, 23 D. P. R. 877.

Pero en el presente caso, contra dicha presunción están
los testimonios del mismo acusado y de José Avilés, policía
insular, quienes están conformes en afirmar que el acusado
tenía en la acera de su depósito de leche unos porrones que
obstruían el tránsito público y que a preguntas del guardia
contestó el interpelado que eran de leche que había recibido
y no quería llevarlos al depósito hasta que fuera examinada
por la sanidad, habiéndolos trasladado al depósito por indi-
cación del guardia.

Falta prueba de que la leche, ya dentro del depósito, fuera
puesta a la venta o vendida, pues aunque el inspector de
sanidad en el interrogatorio directo sostuvo que fué vendida
a varias personas, entre las cuales sólo recuerda a una señora
apellidada Flores, ésta no fué traída al juicio como testigo,
y el propio inspector a repreguntas de la defensa dijo luego
que no vió de dónde compraba la leche dicha señora.

En un caso como el presente en el cual no se tiene en
cuenta la intención criminal, hay mayor razón para exigir
que se demuestren fuera de toda duda razonable los elemen-
tos especificados en el estatuto.  *El Pueblo* v. *Andino et al.*,
21 D. P. R. 225.

Es de revocarse la sentencia apelada, dictándose otra por

la que se absuelva al acusado-apelante con las costas de oficio.

*Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.