EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
AURELIO BAUZÁ, acusado y apelante.

No. 2526.—*Visto:* Junio 4, 1925. *Resuelto:* Junio 5, 1925.

1. ALIMENTO (*Food*)—LECHE—LECHE ADULTERADA EN UN DEPÓSITO—PRESUNCIÓN.
   —El tener leche adulterada en un depósito destinado a la venta de leche levanta la presunción de que estaba allí para la venta (*El Pueblo* v. *Pérez*, 23: 877, confirmado).

2. ALIMENTO (*Food*)—PROCESOS CRIMINALES—PRUEBA INSUFICIENTE.—Examinada la prueba en este caso, *se resolvió:* que la del acusado, relativa a haber regalado la leche, no es suficiente para destruir la presunción de que la leche adulterada que se tenía en el depósito estaba allí para la venta.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), condenando al acusado por delito de tener para la venta leche de vaca adulterada. *Confirmada.*

*Domingo Sepúlveda,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El apelante fué acusado y condenado por tener para la venta leche de vaca adulterada.

En el juicio se probó que el 25 de noviembre de 1924 fué encontrada leche de vaca adulterada en el depósito que el apelante tenía para la venta de leche, hechos que no son negados por el apelante, quien a pesar de esto sostiene que debió ser absuelto de la acusación porque antes de que el inspector de sanidad fuera a su depósito de leche ya él había regalado a una tercera persona la leche que el inspector encontró adulterada, por lo que no la tenía para la venta y no debe ser condenado.

[1, 2] A pesar de que el inspector declaró también que vió vender de esa leche, el solo hecho de tener dicha leche adulterada en el depósito destinado para la venta de leche levanta la presunción de que estaba allí para la venta, según hemos declarado en el caso de *El Pueblo v. Pérez,* 23 D.P.R. 877, citado después en otras decisiones; y aunque tal presunción puede ser destruída, opinamos que el mero hecho de que el apelante declarase que él había regalado esa leche y que así lo testificara también la persona a quien dijo la había dado no destruye necesariamente esa presunción, pues la corte inferior pudo no dar crédito a la declaración del apelante teniendo en cuenta su interés en el caso ni a la de la otra persona por ser la madre del empleado en el depósito del apelante y por la contradicción que hubo entre ella y el inspector, porque miéntras éste afirmó que estuvo en el depósito a las 10 de la mañana, ella declaró que fué a la una de la tarde.

Los casos de *El Pueblo v. Andino,* 21 D.P.R. 225, y *El*

*Pueblo* v. *Ríos,* 28 D.P.R. 760, citados por el apelante, no son de aplicación al presente porque las circunstancias que en ellos concurrieron son distintas del que estamos resolviendo.

*Por lo expuesto no podemos declarar que la corte inferior cometiera error manifiesto en la apreciación de la prueba y la sentencia apelada debe .ser confirmada.*