EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ALFONSO LUQUIS, acusado y apelante.

Núm. 9793.—*Sometido:* Febrero 12, 1943. *Resuelto:* Marzo 4, 1943.

F. *González Fagundo,* abogado del apelante; R. A. *Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El apelante fué acusado y convicto de un delito de adulteración de leche, en grado de reincidencia, siendo condenado a la pena de ocho meses de cárcel y $500 de multa. Se ordenó, además, la cancelación de la licencia para el expendio de leche y la publicación de la sentencia por medio de edictos y mediante cartelones que habrán de ser fijados en sitios públicos y en el domicilio del acusado.

El único error que se imputa a la corte sentenciadora es el de haber declarado culpable al acusado. Arguye el apelante que no se ha probado que el acusado transportara leche adulterada con el fin de dedicarla al consumo humano, requisito indispensable del delito previsto y castigado por la sección primera de la Ley núm. 77 de 12 de agosto de 1925 (pág. 559). Veamos si la evidencia presentada por el fiscal es suficiente para justificar la sentencia recurrida.

Declaró en primer término el Sr. Rafael Barreras, del Departamento de Sanidad. Dijo que hizo el examen de la leche que fué ocupada al acusado y resultó adulterada con agua añadida artificialmente en la proporción de doce por ciento.

Germán Pereira, Inspector de Sanidad, de Caguas, declaró: que el día 6 de noviembre de 1939, estando él en un *raid* de leche, acompañado de Rafael Castellón, su compañero, le ocupó dos garrafones de leche al acusado, que contenían entre los dos cinco litros de leche de vaca; que procedieron a tomar una muestra de acuerdo con el procedimiento técnico recomendado por el laboratorio químico del Departamento; que entregó una de las muestras al acusado y envió las otras dos al Departamento de Sanidad para ser examinadas; que el acusado transportaba la leche como a las 4:30 de la mañana por el barrio La Granja, en Caguas, cuando le fué ocupada; que conoce al acusado Luquis, quien se dedica desde hace tiempo a la venta de leche para el con-

sumo público; que el acusado le informó que esa leche se la compraba él a Antonio Longo, y después negó eso y dijo que la compraba de procedencia clandestina o sea de un puesto o vaquería sin licencia del Departamento de Sanidad; que el acusado portaba la leche, sin ofrecerla en venta, en el momento en que le fué ocupada, pero él mismo le informó al declarante que la portaba para la venta.

Se probó, además, que el acusado había sido convicto en junio 13 de 1932 del delito de adulteración de leche, y condenado a seis meses de cárcel y $500 de multa, siendo desestimada la apelación por resolución dictada por esta Corte Suprema el 28 de noviembre de 1932.

La prueba de la defensa tendió a demostrar que el acusado nada tuvo que ver con las garrafas de leche; que éstas habían sido abandonadas en el suelo por un individuo desconocido que salió corriendo, y que entonces el Inspector de Sanidad llamó al acusado que estaba por allí cerca y le dijo que la leche era de él.

El conflicto que resulta de la prueba fué resuelto en contra del acusado apelante. Y resultando de la prueba de cargo, a la que la corte sentenciadora dió entero crédito, que el acusado se dedicaba habitualmente a la venta de leche para el consumo humano; que en el día de autos le fué ocupada cierta cantidad de leche que transportaba en unas garrafas y que resultó adulterada; y que el acusado mismo confesó que esa leche la transportaba para venderla, debemos llegar a la conclusión de que la corte sentenciadora no erró al declarar al acusado culpable del delito imputádole. Véanse: *Pueblo v. Bauzá,* 34 D.P.R. 331; *Pueblo v. Pérez,* 23 D.P.R. 877, y *Pueblo v. Cotis,* 50 D.P.R. 484.

*La sentencia apelada debe ser confirmada.*