El Pueblo de Puerto Rico, demandante y apelado, *v.*
Ramón Fuentes, acusado y apelante.

Núm. 13047. *Sometido:* Enero 28, 1948. *Resuelto:* Febrero 18, 1948.

*José R. Fournier,* abogado del apelante; *Hon. Procurador General
Luis.Negrón Fernández y J. Rivera Barreras, Fiscal del Tribu-
nal Supremo,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Travieso emitió la opinión del
tribunal.

El Fiscal de la Corte de Distrito de Bayamón radicó una
acusación contra Ramón Fuentes y José Fuentes, alegando
que allá para el día 6 de agosto de 1946, en el barrio Juan
Domingo, de Guaynabo, los acusados, como dueño el primero
y empleado el segundo, ilegal, voluntaria y maliciosamente
tenían y ofrecían en venta para el consumo humano leche
de vaca adulterada con un 20 por ciento de agua añadida ar-
tificialmente según análisis del laboratorio químico del De-
partamento de Salud. La corte a quo absolvió al acusado
José Fuentes, pero declaró culpable a Ramón Fuentes con-
denándolo a pagar $35 de multa o en su defecto un día de
cárcel por cada dólar que dejare de pagar. Dicha sentencia
ha sido apelada para ante este Tribunal fundándose única-
mente el recurso en errónea apreciación de la prueba.

La prueba de cargo consistente en la declaración de Hum-
berto Miranda Ocasio, Inspector de Sanidad, tendió a de-

mostrar que el día señalado en la acusación el testigo se personó en el establecimiento del acusado encontrando "a' la entrada de dicho establecimiento en la parte de afuera de la barra, un porrón sin rotular, tapado, que estaba en la puerta de afuera de la barra;" que examinó dicho porrón y procedió a tomar muestras de la leche que éste contenía en tres botellitas de cristal; que la leche resultó estar adulterada con un 20 por ciento de agua añadida artificialmente, y que "esa leche se encontraba en el establecimiento: no estaba a la venta: la que estaba a la venta era la que estaba en la nevera y la que estaba caliente en una cafetera." Repreguntado por la defensa sobre este mismo punto se reafirmó en su declaración en el sentido de que la leche de la cual él había obtenido las muestras no estaba para la venta.

La prueba de descargo, consistente en las declaraciones de Celestino Bernacet y la del propio acusado tendió a demostrar que el porrón de leche del cual se tomaron las muestras fué traído al establecimiento por Fernando Jiménez momentos antes de haber llegado el inspector de sanidad; que lo dejó en el mismo sitio, es decir, en la parte de afuera, en que fué encontrado por dicho inspector; que esta leche no estaba para la venta; que el inspector fué el primero en abrir el porrón de leche, y que la única leche que había para la venta era aquélla que estaba dentro de la nevera y una poca que había dentro de una cafetera caliente, de la cual no se tomaron muestras.

El acusado acepta que la leche estaba adulterada. La corte a quo basó su sentencia en lo resuelto en el caso de *El Pueblo* v. *Román*, 60 D.P.R. 637. En dicho caso se resolvió que "la leche fué recibida y aceptada, colocándose en la nevera para venderla para el consumo humano. Estaba adulterada y de no ser por la llegada del inspector, se hubiera vendido. La ley castiga la venta, ofrecimiento de venta o tenencia para la venta de leche adulterada."

No podemos convenir con la corte inferior en que el caso antes citado es de aplicación al que nos ocupa. En el caso

de autos, no hubo prueba alguna al efecto de que la leche en cuestión estaba para la venta. La ofrecida por El Pueblo al igual que aquella aportada por la defensa demostró que no estaba para la venta.

Más bien es de aplicación lo resuelto por este Tribunal en el caso de *El Pueblo* v. *Andino,* 21 D.P.R. 225, donde resolvimos, copiando del sumario:

"Cuando, como en este caso, sólo se prueba que la leche que se dice estar adulterada llegó al establecimiento de los acusados en el mismo momento en que llegó allí el inspector de sanidad, y que la leche acababa de vaciarse en el recipiente y el carretero salía con el jarro que había acabado de vaciar, es evidente que tal prueba es insuficiente para establecer la culpabilidad de los acusados. El mero hecho de que los acusados estén en posesión de leche adulterada cuando no se prueba que la han ofrecido en venta, no constituye delito alguno."

Véanse, además, *Pueblo* v. *Ríos,* 28 D.P.R. 760, y *Pueblo* v. *Almodóvar,* 56 D.P.R 534.

En el presente caso, no se probó el hecho esencial alegado en la acusación de que el apelante "tenía y ofrecía en venta para el consumo humano leche de vaca adulterada" y, por consiguiente, erró la corte inferior al condenar al acusado.

*Se revocará la sentencia apelada y se dictará otra absolviendo al acusado.*