EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN RAMÓN RAMOS, acusado y apelante.

Núm. 15141.—*Sometido:* Noviembre 7, 1951. *Resuelto:* Noviembre 26, 1951.

834

*Brown, Newsom & Córdova,* abogados del apelante; *Hon. Procurador General Víctor Gutiérrez Franqui* y *Frank Vizcarrondo Vivas, Fiscal Auxiliar del Tribunal Supremo,* abogados. de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR TODD, JR., emitió la opinión del tribunal.

Procedente de varias vaquerías, un inspector de saneamiento tomó muestras de leche que venían en porrones debidamente identificados con el nombre de las vaquerías. Entre ellas tomó una muestra de leche de la vaquería del apelante, la cual colocó en tres envases de cristal y después de lacrarlas las rotuló con el número 639, las letras J. A. (iniciales del nombre del inspector, Julio Álvarez), y la fecha, y entregó uno de los envases al conductor del camión en que se transportaba la leche para ser entregada al apelante. Esta leche, al ser examinada en el laboratorio del Departamento de Salud, resultó estar adulterada. El mismo día, el inspector tomó otra muestra de leche transportada en el mismo camión, de un porrón conteniendo leche de la vaquería de Juan E. Casanova y la cual rotuló con el número 637. Esta leche, al ser examinada, resultó estar buena. Del resultado del examen de su leche se notificó al apelante y al ser éste acusado del delito de adulteración de leche, en el juicio trató de probar que la muestra de leche que le fué tomada y de la cual se le entregó un envase era la marcada con el número 637 y su defensa consistió en tratar de probar que el inspector incurrió en un error al rotular las distintas muestras de leche. La corte inferior no dió crédito a esta prueba y por el contrario dió crédito a la declaración del inspector, quien

explicó en detalle el procedimiento seguido en estos casos, declaró culpable al apelante y lo sentenció a pagar una multa de $25.

En este recurso el apelante señala como único error el a su juicio cometido por la corte al apreciar la prueba y determinar que quedó probado fuera de toda duda razonable que la leche contenida en la muestra 639 procedía de la vaquería del apelante.

■ Hemos examinado detenidamente la prueba y estamos convencidos de que el error imputado no ha sido cometido.

El propio apelante admite que no constituye una defensa en estos casos el hecho de que al acusado no se le entregara una muestra de la leche que luego resultara estar adulterada, aun cuando el Reglamento de Sanidad así lo exija. *El Pueblo* v. *Pérez*, 23 D.P.R. 877; *Pueblo* v. *Palacios*, 66 D.P.R. 961 y cf. *Pueblo* v. *Malgor Méndez*, *per curiam* de 7 de septiembre de 1951. De manera que aun si al apelante no se le hubiera entregado uno de los envases conteniendo parte de la muestra de leche, si se hubiera probado que dicha muestra resultó adulterada, siempre se le hubiera podido acusar y condenar.

■ Ahora bien, la corte inferior no estaba obligada a dar crédito a la prueba del apelante al efecto de que la muestra que a él le entregó el conductor era la numerada 637. Es más, aun cuando le hubiera dado crédito a dicha prueba, ese hecho no es incompatible con el hecho probado de que la muestra numerada 639 que correspondía a la leche de la vaquería del apelante, fué la que resultó adulterada.

*Debe confirmarse la sentencia.*