MABEL T. DUNBAR *vs.* BOSTON AND PROVIDENCE
RAILROAD CORPORATION.

Suffolk.   March 19, 1902. — May 21, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Constitutional Law*, Remedial statutes.   *Boston Terminal Act.*

The constitutional provisions for the protection of property allow a certain limited
degree of latitude in regard to the restoration of remedies that have been extin-
guished by lapse of time when the seeming infraction is not very great and
when justice requires relief.   On this principle, St. 1899, c. 386, extending until
January 1, 1900, the time for filing petitions for damages from changes of grade
made under the Boston terminal company act, St. 1896, c. 516, was held to be
constitutional.   The doctrine of *Campbell* v. *Holt*, 115 U. S. 620, was not passed
upon.

PETITION, filed August 22, 1899, for damages to the peti-
tioner's property on the easterly side of Dartmouth Street in
the city of Boston from a change in the grade of that street
made by the respondent under the provisions of St. 1896,
c. 516.

At the hearing in the Superior Court before *Hopkins*, J.,
it appeared, that the work of raising the grade was begun by
the respondent on September 20, 1898, and was completed on
or about November 1, 1898; that there was no taking of any
of the petitioner's land and the damages sought to be recovered
were wholly caused by the raising of the grade of the street;
that on March 14, 1898, the board of aldermen of the city of
Boston, acting as county commissioners, made an order pre-
scribing, among other things, that the extension of the respond-
ent railroad should pass under Dartmouth Street and that
Dartmouth Street should be raised; that on March 17, 1898,
the respondent filed the location of the extension of its road,
taking therefor in fee a strip of land on the southerly side of
and adjacent to the main tracks of the Boston and Albany Rail-
road; and that on May 23, 1899, the Legislature passed St.
1899, c. 516, extending the time for filing such petitions until
January 1, 1900.

The respondent asked the judge to rule, that the statute of 1899, extending the time for filing petitions, if it applied to this petition, was unconstitutional under the provisions of the Constitution of the Commonwealth and of the Constitution of the United States, because it removed the bar of the statute of limitations after the period of limitation had expired.

The judge refused so to rule, and submitted the case to the jury, under instructions as to damages which were satisfactory to the parties, and damages were assessed by them in the sum of $2,275.66. The respondent alleged exceptions.

*J. H. Benton, Jr.,* for the respondent.

*A. P. Worthen,* for the petitioner.

HOLMES, C. J. This is a petition for the assessment of damages to land of the petitioner on Dartmouth Street in Boston caused by raising the grade of that street under the terminal company act. St. 1896, c. 516. The petition was filed under § 23 of the act, and therefore we may assume that the claim was subject to the limitation of one year imposed by that section, although no land of the petitioner was taken. The section contains a general provision giving a jury to parties who have suffered damage to be compensated under the act, and the limitation no doubt was intended to be coextensive with the grant. Upon this construction it is admitted that the petition was not filed within the year, and indeed the opposite view was not much pressed on any ground. The answer relied upon is that on May 23, 1899, " the time within which any party suffering damages whose land is not taken may file his petition in the Superior Court for damages accruing from a change of grade occasioned by the location and construction of any railroad by any railroad company other than the terminal company " under the above § 23 was extended to January 1, 1900. St. 1899, c. 386. The respondent contends that this statute is unconstitutional and brings that question here by exceptions. It argues no other point.

The statute assailed is of general operation, and if valid applies as well to the petitioner, who had unquestioned notice of the change of grade by the actual completion of the work before the year expired, as to possible cases of persons who might have found their remedy gone before they knew that

anything affecting their rights had been done.   In such a case, apart from the authorities, it is impossible not to feel the greatest difficulty in sustaining the act.   The nature of the difficulty is indicated in *Danforth* v. *Groton Water Co.* 178 Mass. 472. However much you may disguise or palliate the change by saying that the statute deals only with the remedy, or that a party has no vested right to a merely technical defence, or by adopting any other cloudy phrase that keeps the light from the fact, such legislation does enact that the property of a person previously free from legal liability shall be given to another who before the statute had no legal claim.   It is not merely as it was put by the counsel for the respondent, following the cases, that the defence is as valuable and as much entitled to protection as the claim, if that be true, but the effect of the statute by enabling the barred claim to be collected is to allow property of the respondent to be appropriated which before was free. *Woodward* v. *Central Vermont Railway*, 180 Mass. 599.   It is true that the property is not identified until it is seized on execution, but when it is identified by seizure it is taken as truly as land would be if it were allowed to be recovered in a real action notwithstanding the lapse of twenty years.

In the present case there is not the excuse apparent that the statute cured an earlier injustice, as might be the case where a petitioner had had no actual notice of the loss of any rights until he was too late.   It cannot be said in more general terms that a statute of limitations as such embodies an arbitrary or merely technical rule.   Prescription and limitation are based on one of the deepest principles of human nature, the working of association with what one actually enjoys for a long time, whatever one's defects of title may be, and of dissociation from that of which one is deprived, whatever may be one's rights. The mind like any other organism gradually shapes itself to what surrounds it, and resents disturbance in the form which its life has assumed.   In cases like the present, when the period of limitations is short, no doubt other but also important elements are predominant, — the desirableness for business reasons of getting a quasi public transaction finished, — but whatever the details, the principle involved is as worthy of respect as any known to the law.

Nevertheless in *Danforth* v. *Groton Water Co.* 178 Mass. 472, it was held that a statute was constitutional which removed the bar of an earlier statute under circumstances where, according to the language of the later·act and the cases, the lapse of time had destroyed the jurisdiction of the court. *S. C.* 176 Mass. 118. *Riley* v. *Lowell*, 117 Mass. 76. *Cambridge* v. *County Commissioners*, 117 Mass. 79, 83. So, whatever may be said of the reasoning by which the decision was reached, it was held in *Campbell* v. *Holt*, 115 U. S. 620, that the fourteenth amendment does not prevent the removal of the bar from a personal debt. Without repeating what we have said so recently, it is enough to say that the constitutional provisions allow a certain limited degree of latitude in dealing with cases where remedies have been extinguished by lapse of time when the seeming infraction of right is not very great and when justice requires relief. It is unnecessary to go so far as *Campbell* v. *Holt*. But in a case of this kind, where the original time allowed after actual notice was very short and may have seemed to the Legislature inadequate, where the extension was granted within little more than two months of the time when it could have been granted without question and not improbably before the transaction as a whole had been finished, where the plaintiff's claim is held to be barred only by a somewhat doubtful inference, and where in short we cannot say that the Legislature with its larger view of the facts may not have been satisfied that substantial justice required its action, we are not prepared to pronounce the statute unconstitutional in the face of the ·most authoritative decisions. We regard this case as distinguishable from a wholesale attempt to relieve from the effect of open and adverse possession of land for twenty years, and even as distinguishable from the similar attempt with regard to debts upheld in *Campbell* v. *Holt*. As yet it is not necessary for us to choose between that decision and the weighty intimations to the contrary in this court and elsewhere.

It is suggested that this is class legislation because the terminal company is excepted from the act. The statute applies to all companies concerned except the one named, so that if any part of it were open to that criticism it would seem to be the portion which makes the exception, not that which

lays down the rule. *Holden* v. *James*, 11 Mass. 396. But we have no facts before us which show that the terminal company was not excepted on constitutional grounds.

*Exceptions overruled.*