LOUISE M. BROWNE *vs.* MAUD F. BROWNE.

Norfolk.    March 10, 1913. — May 24, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Writ of Entry.    Land Court.    Superior Court.    Constitutional Law.    Words,* "Action to recover possession."

The "action to recover possession" of land upon which a levy of execution has been made as fraudulently standing in the name of a person other than the

judgment debtor, which under R. L. c. 178, § 47, it is necessary for the judgment creditor to commence within one year after the return day of the execution, is a writ of entry in the ordinary form; and under St. 1904, c. 448, jurisdiction of such an action is in the Land Court and not in the Superior Court.

Section 1 of St. 1911, c. 433, gives to the Superior Court power to order transferred to the Land Court a writ of entry wrongly begun in the Superior Court in 1909, in which the tenant has appeared, answered and claimed a trial by jury; and such statute is constitutional.

The provisions of St. 1910, c. 560, relating to the framing of issues for a jury in cases entered in the Land Court and the transfer of the cases to the Superior Court for trial by a jury before any trial in the Land Court, which by § 8 are not to apply to any cause pending at the time of the enactment of the statute, do not apply to a writ of entry wrongly entered in the Superior Court in 1909 and under St. 1911, c. 433, § 1, transferred to the Land Court on November 9, 1911; but such case is governed by the procedure prescribed by St. 1904, c. 448, and, in order to have a trial by jury of a question of fact, a party, within thirty days after a hearing and a decision adverse to him in the Land Court, must file in the Land Court an appeal to the Superior Court and have jury issues for the trial in the Superior Court framed in the Land Court.

The mere filing in the Land Court, within thirty days after a decision of the judge of that court, of a motion for jury issues to be tried in the Superior Court, does not amount to a claim of appeal under St. 1904, c. 448, § 8.

WRIT OF ENTRY in the Superior Court dated October 23, 1909. On December 13, 1909, the tenant appeared and claimed a trial by jury. On December 31 she filed an answer.

On November 9, 1911, the demandant filed a petition in the Superior Court under St. 1911, c. 433, for a removal of the case to the Land Court. The petition was allowed; and the tenant appealed. On November 15, 1911, on motion of the demandant in the Superior Court, the appeal was dismissed; and the tenant appealed.

On January 18, 1912, in the Land Court a motion by the tenant for specifications was denied; and the tenant appealed.

On January 18, 1912, a motion of the tenant in the Land Court for jury issues was denied by *Davis,* J., who on the following day filed a memorandum calling attention to the fact that the procedure in the case must be under St. 1904, c. 448. The closing sentence of the memorandum, referred to in the opinion, was as follows: "The case must be assigned for trial. If after a decision here either party is aggrieved an appeal can be taken for a jury trial on the facts in the Superior Court upon issues to be framed therefor in accordance with the provisions of St. 1904, c. 448, § 8." The tenant appealed.

A motion of the demandant for an assignment of the hearing then was allowed; and the tenant appealed.

A plea to the jurisdiction by the tenant was overruled; and the tenant appealed and excepted.

In the Land Court, *Davis,* J., filed a decision for the demandant on July 29, 1912, from which the tenant appealed "to the Supreme Judicial Court" on August 15, 1912, and on the same day filed in the Land Court a bill of exceptions thereto and a motion for "issues to be framed for a jury trial on the facts in the Superior Court."

The motion for jury issues was presented to the court on November 5, 1912, and was denied; and the tenant appealed.

On December 30, 1912, a motion of the tenant in arrest of judgment was denied; and the tenant appealed.

*J. S. Richardson & J. M. Browne,* for the tenant, submitted a brief.

*L. R. Chamberlin,* for the demandant.

RUGG, C. J. This is a writ of entry brought in the Superior Court in 1909. Thereafter, that court ordered it transferred to the Land Court under St. 1911, c. 433. The first question is, which court has jurisdiction. This depends upon the construction of St. 1904, c. 448, to the effect that the jurisdiction of "writs of entry, under the provisions of chapter one hundred and seventy-nine" of Revised Laws is transferred from the Superior to the Land Court. It appears from the record that the demandant's title rests upon the levy of an execution on lands belonging to one Merrill H. Browne, the record title of which stood fraudulently in the name of the tenant. R. L. c. 178, § 47, enacts that in such case the levy shall be void unless an "action to recover possession" of the land is begun within one year from the return day of the execution. Such "action" is a writ of entry in the ordinary form. *Clark* v. *Chamberlain,* 13 Allen, 257, 260. It plainly is within the terms of R. L. c. 179. Therefore jurisdiction of the action was in the Land Court and not in the Superior Court at the time it was brought. *First Congregational Society* v. *Metcalf,* 193 Mass. 288.

It was properly transferred to the Land Court under St. 1911, c. 433, § 1 of which provides that, "if an action has been brought in the Superior Court which ought to have been brought in the

Land Court, . . . the court may . . . order the action . . . transferred to the . . . [Land Court] . . . ; and it shall thereupon be entered and prosecuted as if it had been commenced therein, and all prior proceedings otherwise regularly taken shall thereafter be valid." This relates merely to procedure. It is in furtherance of a policy frequently exemplified in legislative acts to enable a party who has brought a cause seasonably to try it upon its merits, notwithstanding defects in the form or substance of pleadings, or error in the remedy asked, or mistake in the tribunal invoked, rather than to compel him to begin it anew. *George* v. *Reed,* 101 Mass. 378. The statute at bar is well within principles established by this court, and is constitutional. *Wilson* v. *Head,* 184 Mass. 515. *Rogers* v. *Nichols,* 186 Mass. 440. *Converse* v. *Ayer,* 197 Mass. 443, and cases cited at 454. *Adams* v. *Adams,* 211 Mass. 198. *Ewell* v. *Daggs,* 108 U. S. 143. It falls far short of some statutes which have been held valid, although they have been thought to go to the verge. See for example, *Dunbar* v. *Boston & Providence Railroad,* 181 Mass. 383. Where a plaintiff has not slept upon his rights, but has mistaken the jurisdiction of the tribunal to which he has appealed, no constitutional right is impaired by permitting the court in which the action wrongly was brought to transfer it to the one having power to adjudicate upon it.

The terms of the statute under which the transfer was made to the Land Court required the procedure to be "as if it had been commenced therein." This fixes the date of the writ for the ascertainment of the procedure to be followed in the Land Court. Hence, this writ having been brought in 1909, St. 1904, c. 448 governs, and not St. 1910, c. 560, which in § 8 exempts pending causes from its operation. The case at bar was pending in 1910. Under St. 1904, c. 448, § 8, it is only after a decision by the Land Court of all issues raised that appeal can be taken to the Superior Court for a jury trial on the facts. This was pointed out in the memorandum of the judge of the Land Court filed in this case on January 19, 1912. After the decision of the Land Court, the tenant did not appeal to the Superior Court and enter his appeal there, but merely filed a motion on August 15 to have issues for a jury framed, which was not presented to the court until November 5, 1912. This did not amount to a claim

of an appeal under St. 1904, c. 448, § 8. *Weeks* v. *Brooks,* 205 Mass. 458. *Mead* v. *Cutler,* 194 Mass. 277, is plainly distinguishable in respect of the conduct of the appealing party. The motion for framing issues is a subsidiary subject, depending for its validity upon an appeal. The motion was properly denied, inasmuch as the tenant had failed to take any appeal.

No error is disclosed upon the report. What has been said disposes of all the numerous pleas, appeals and exceptions of the tenant, or renders them immaterial.

*Exceptions overruled; appeals dismissed.*