## EDGAR C. CLARK vs. EDMUND W. JONES.

Hampden.    September 21, 1919. — October 10, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Contract*, Consideration.  *Limitations, Statute of.*

The settlement before entry of an action for a debt barred by the statute of limitations is a good consideration for a note and mortgage, the debt having existed at the time of the settlement although the remedy for it was extinguished.

BILL IN EQUITY, filed in the Superior Court on May 5, 1919, to enjoin the foreclosure of a mortgage purporting to have been made by the plaintiff and for its cancellation.

The case was referred to a master, who filed a report containing the findings that are stated in the opinion. Later the case was heard upon the master's report by *King*, J., who made a final decree that the bill be dismissed with costs to be paid by the plaintiff to the defendant. The plaintiff appealed.

The case was submitted on briefs.

*C. L. Young*, for the plaintiff.

*E. Hutchings*, for the defendant.

BRALEY, J.    The master finds that, the defendant having brought an action against the plaintiff as maker on certain overdue promissory notes, the parties entered into negotiations for a settlement, and shortly before the return day the plaintiff executed "a note for fourteen hundred and twenty-two dollars," payment of which was secured by mortgage. It is further found that the note and mortgage were executed and duly delivered upon the consideration that the original note or notes were thereby paid and satisfied and the pending action settled.

While the master also states that when the action was begun six years had elapsed since the cause of action accrued and therefore the action had been barred under R. L. c. 202, § 2, it is plain that the mortgage note cannot be attacked for want of consideration as alleged in the bill. The remedy indeed had perished, but the debt not having been satisfied, the moral obligation to

pay it afforded a sufficient consideration for the debtor's promise in writing signed by him with the unequivocal intention of liquidating the balance remaining on the old notes, as well as to avoid the expense and uncertainty of the litigation. *Little* v. *Blunt,* 9 Pick. 488. *Chace* v. *Trafford,* 116 Mass. 529. *Shepherd* v. *Thompson,* 122 U. S. 231. R. L. c. 202, § 12. *Custy* v. *Donlan,* 159 Mass. 245, 247. The compromise and settlement moreover furnished a sufficient consideration independently of the payment by the new note of the original indebtedness. *Kennedy* v. *Welch,* 196 Mass. 592, 596, and cases there collated.

The note and mortgage being valid, the trial court properly refused to enjoin the foreclosure of the mortgage for breach of condition, or to order its cancellation for invalidity as prayed for, and the decree dismissing the bill should be affirmed with costs.

*Ordered accordingly.*