KATE S. PIKE *vs.* JAMES S. PROCTOR & others.

Suffolk.     February 7, 1939. — July 7, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Pledge. Contract,* Implied. *Limitations, Statute of. Evidence,* Presumptions and burden of proof.

A statute of limitations having been pleaded in defence, the burden was on the plaintiff to show that his cause of action had not been barred thereby.

The owner of securities was barred by the statute of limitations from maintaining an action of contract for money had and received against a stockbroker who had sold the securities under a pledge of them by one to whom the owner had given possession without authority to pledge, where it appeared that the owner learned of the wrongful pledging more than six years before the sale.

CONTRACT for money had and received, proceeds of the sale on December 29, 1927, of the securities described in the opinion. Writ in the Superior Court dated April 27, 1931.

Before *Sheehan,* J., a verdict was ordered for the defendants.

*W. R. Bigelow,* for the plaintiff.

*H. W. Cole,* for the defendants.

LUMMUS, J. The plaintiff on April 27, 1931, brought this action to recover the proceeds of a sale by the defendants on December 30, 1927, of securities alleged to be the property of the plaintiff. The judge directed a verdict for the defendants on the ground that the action was barred by the statute of limitations. G. L. (Ter. Ed.) c. 260, § 2, First. The plaintiff alleged exceptions.

The defendants are partners as stockbrokers. The plaintiff's brother, John N. Pike, was a constant trader in securities on margin. He opened an account with the defendants about 1917. We assume in favor of the plaintiff that there was evidence warranting the finding that the plaintiff owned the securities in question; that she permitted her brother to have custody of them without authority to pledge them; that in 1919 and 1920 he pledged them to secure his margin account with the defendants who were informed that the securities were the property of the plaintiff; and that the defendants sold them out on December 30, 1927, under the authority of the pledge agreement and credited the proceeds against a larger sum due the defendants upon the margin account; all as contended by the plaintiff.

But it was conceded by the plaintiff that she learned as early as January 11, 1921, that her securities had been so pledged and were held and claimed by the defendants as security for her brother's margin account. The six years of the statute of limitations then, at the latest, began to run. The burden is on the plaintiff to show that her cause of action has not been barred. *Breen* v. *Burns,* 280 Mass. 222, 228. *Murphy* v. *Kelley,* 302 Mass. 390, 391.

As early as January 12, 1927, any action by her to recover the securities from the defendants as pledgees had become barred. At least so far as transactions within this Commonwealth are concerned, the validity of the pledge was thus confirmed. *Chapin* v. *Freeland,* 142 Mass. 383, 386. *Currier* v. *Studley,* 159 Mass. 17, 22, 23. *Davis* v. *Mills,* 194 U. S. 451, 457. When, on December 30, 1927, the

defendants sold the securities under their pledge, the sale was not wrongful as to the plaintiff, and gave the plaintiff no right to claim the proceeds under the doctrine of *Jones* v. *Hoar,* 5 Pick. 285, *Gilmore* v. *Wilbur,* 12 Pick. 120, and *Miller* v. *Miller,* 7 Pick. 133. As was said in *Currier* v. *Studley,* 159 Mass. 17, 23, "If the holder of such property, having a possession effectual against all the world for the protection of his right to use and dispose of it and to give a purchaser an equally good title, should sell it, professedly on his own account, how could it be said that the proceeds of it were received to the use of the former owner instead of himself?"

*Exceptions overruled.*