MARJORIE T. MULLIGAN *vs.* FREDERIC H. HILTON,
executor.

Middlesex.   December 5, 1938. — January 4, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Revival of Action.   Constitutional Law,* Due process of law, Equal protection of law.   *Statute,* Retroactive.   *Limitations, Statute of.   Equity Pleading and Practice,* Appeal.

It would not be "in contravention of" the provisions of the Federal and the State Constitutions as to due process of law and equal protection of the law to give effect to St. 1938, c. 16, by granting relief sought in a bill in equity under the amended form of G. L. (Ter. Ed.) c. 228, § 5, appearing in St. 1937, c. 406, § 1, filed three and a half years after the qualifying of an executor in 1934, by requiring him to appear and defend an action of tort, begun against his testator and still pending, for personal injuries alleged to have been caused by the testator's negligent operation of a motor vehicle.

Although it might have been proper in 1937 to sustain a demurrer to a bill in equity stating a proper case for relief under G. L. (Ter. Ed.)

c. 228, § 5, in the amended form appearing in St. 1937, c. 406, § 1, on the ground that said § 1 was not retroactive, the enactment of St. 1938, c. 16, showing that said § 1 was to be retroactive, made it proper for the full court thereafter to reverse the interlocutory decree sustaining such demurrer and a final decree, based on the earlier decree and dismissing the bill and entered after the enactment of said c. 16, and to order the demurrer overruled.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Middlesex on September 18, 1937.

A demurrer was sustained by *Dolan,* J., on December 20, 1937, and a final decree dismissing the bill was entered on September 6, 1938, by order of *Ronan,* J. The plaintiff appealed from both decrees.

*R. B. Walsh,* for the plaintiff.

*H. B. White,* for the defendant.

LUMMUS, J. On October 8, 1932, the plaintiff brought an action of tort against Harold F. Clough, the defendant's testator, to recover for bodily injury and property damage alleged to have been caused by the negligence of Clough in the operation of a motor vehicle on a public way in this Commonwealth. Clough was insured under the compulsory motor vehicle liability insurance act, G. L. (Ter. Ed.) c. 90, §§ 34A–34J. An answer was filed in his behalf. The action has never been determined of record. On January 19, 1936, when a suggestion of death was filed, the plaintiff discovered that Clough had died on March 1, 1934, and that on the same day the defendant had been appointed executor of his will, and had given bond in that capacity.

Both the cause of action and the action survived. G. L. (Ter. Ed.) c. 228, § 1; c. 230, § 1. *Treasurer & Receiver General* v. *Sheehan,* 288 Mass. 468, 470. But on January 19, 1936, though a new action as to the property damage may not have been barred by the general statute of limitations (G. L. [Ter. Ed.] c. 260, §§ 2 [2], 4), a new action for either bodily injury or property damage was barred by the special statute of limitations requiring a creditor of a decedent to commence his action against the executor or administrator within one year after the giving of bond for the performance of the trust. G. L. (Ter. Ed.) c. 197, § 9, as amended by

St. 1933, c. 221, § 4. One who has a cause of action in tort that survives is a "creditor" within that statute. *Brotkin* v. *Feinberg*, 265 Mass. 295. *Nichols* v. *Pope*, 287 Mass. 244, 246. *Lynch* v. *Springfield Safe Deposit & Trust Co.* 300 Mass. 14. *Gordon* v. *Shea*, 300 Mass. 95, 99. *Gallo* v. *Foley*, 296 Mass. 306. No citation could be issued, under G. L. (Ter. Ed.) c. 228, § 4, and § 5 as amended by St. 1933, c. 221, § 7, to bring the executor into the pending action as the defendant, because more than a year had elapsed since he gave his bond. The fact that the plaintiff was ignorant of the death did not extend the time limited by that statute. *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108, 111. *Nichols* v. *Pope*, 287 Mass. 244, 246. *Bateman* v. *Wood*, 297 Mass. 483, 484.

But on May 29, 1937, St. 1937, c. 406, § 1, took effect as an emergency act. By it the earlier limitation of time for issuing a citation to an executor or administrator in a case brought against the decedent, contained in G. L. (Ter. Ed.) c. 228, § 5, as amended by St. 1933, c. 221, § 7, was modified by adding the following exception: "except that if the supreme judicial court, upon a bill in equity filed by a plaintiff or former plaintiff in a personal action the cause of which survives and who had a right to take out such a citation against the executor or administrator of a sole defendant but who did not do so within the time limited in this section," shall decide that the conditions of relief have been satisfied, the court may order the executor or administrator to appear in and defend the action, and may vacate any judgment or other act that may stand in the way.

The statutory conditions of the relief so provided are two: (1) that the court deems that justice and equity require it, and (2) that the plaintiff or former plaintiff is not chargeable with culpable neglect in not taking out a citation within the time limited. The expression "culpable neglect" doubtless was taken from G. L. (Ter. Ed.) c. 197, § 10. Under ordinary circumstances the failure of a creditor to discover the death of his debtor is culpable neglect as matter of law. *Waltham Bank* v. *Wright*, 8 Allen, 121. *Wells* v. *Child*, 12 Allen, 333. *Sykes* v. *Meacham*, 103 Mass. 285. *Estabrook* v.

*Moulton,* 223 Mass. 359. *Haven* v. *Smith,* 250 Mass. 546. *Nichols* v. *Pope,* 287 Mass. 244, 247. *Dietrick* v. *Hayward,* 304 Mass. 623. But in the statute now under consideration the words "culpable neglect" do not stand without qualification. The statute expressly provides: "If at the hearing of such a bill in equity it shall be made to appear to said court that the legal representative of the deceased person within nine months of his appointment failed to notify in writing the petitioner of such death and failed within said nine months duly to suggest such death in such action, such facts may be sufficient ground for granting the relief herein authorized." This provision qualifies in favor of the plaintiff what otherwise would be the meaning of the words "culpable neglect."

On September 18, 1937, the plaintiff filed a bill in equity under St. 1937, c. 406, § 1, and alleged all the facts necessary to satisfy that statute. The executor demurred on various grounds, among them that the statute of limitations was a bar. No other ground appears to be well taken. The provision in St. 1937, c. 406, § 1, that the remedy afforded shall not affect any distribution made before the filing of the bill in equity, is obviated in the present case by the allegation that the liability of the insurer constitutes an asset of no value to the estate except as a means of satisfying the claim of the plaintiff. On December 20, 1937, a single justice sustained the demurrer, and the plaintiff appealed. Pending that appeal, on February 10, 1938, St. 1938, c. 16, took effect as an emergency act. It provided that relief under St. 1937, c. 406, § 1, may be granted "in any action which was pending on the effective date of said section, if the granting of such relief would not be in contravention of the constitution." The action against Clough was "pending" on that date, for no final judgment of dismissal had been entered. On September 6, 1938, another single justice entered a final decree dismissing the bill, evidently as a result of the sustaining of the demurrer. The plaintiff appealed.

St. 1937, c. 406, § 1, before the enactment of St. 1938, c. 16, might well have been construed to apply only pro-

spectively to cases arising subsequently, and perhaps to cases in which the right to bring in an executor or administrator had not already been lost. *Page* v. *Melvin,* 10 Gray, 208. *Kinsman* v. *Cambridge,* 121 Mass. 558. *E. S. Parks Shellac Co.* v. *Jones,* 265 Mass. 108, 112. *Wynn* v. *Assessors of Boston,* 281 Mass. 245, 249. *Pittsley* v. *David,* 298 Mass. 552. *Decker* v. *Pouvailsmith Corp.* 252 N. Y. 1, 6. *Fullerton-Krueger Lumber Co.* v. *Northern Pacific Railway,* 266 U. S. 435. Note, 67 A. L. R. 297. That may have been the adequate ground of the sustaining of the demurrer. But the later statute, St. 1938, c. 16, made it clear that the Legislature intended that the remedy provided was to operate as well upon cases in which the right to bring in the executor or administrator, existing under earlier statutes, had already been lost. If in that respect the legislative intent can be given effect, the decree sustaining the demurrer, however correct it may have been when entered, cannot stand as a decree decisive of the case, but must, like the final decree, be reversed. *Danforth* v. *Groton Water Co.* 178 Mass. 472, 475, 478. *United States* v. *Schooner Peggy,* 1 Cranch, 103, 110. *Dinsmore* v. *Southern Express Co.* 183 U. S. 115, 120. *Robinson* v. *Robins Dry Dock & Repair Co.* 238 N. Y. 271, 281. *People* v. *Gilchrist,* 243 N. Y. 173, 180. Note, 111 A. L. R. 1318. Compare *Marquis* v. *Messier,* 303 Mass. 553, 556–557.

The question before us is, therefore, whether the Legislature has power by a statute to authorize the summoning in as a defendant of an executor or administrator who had become, before the statute took effect, fully entitled to have the action abated because the time had gone by within which, under existing laws, he could lawfully be made a party. *Finance Corp. of New England* v. *Parker,* 251 Mass. 372. The constitutional objection made is that the statute in question, if applied to this case, would deprive the executor of property without due process of law, in violation of the Fourteenth Amendment to the Federal Constitution and of the comparable provisions of arts. 1, 10 and 12 of the Declaration of Rights of the Constitution of this Commonwealth. *Denny* v. *Mattoon,* 2 Allen, 361, 381.

Some relevant principles are settled. A statute cannot constitutionally impose an obligation with respect to a transaction that at the time it took place gave rise to no obligation. *Woodward* v. *Central Vermont Railway*, 180 Mass. 599. *Casieri's Case*, 286 Mass. 50. *Ziccardi's Case*, 287 Mass. 588. *Campbell* v. *Boston*, 290 Mass. 427. *Forbes Pioneer Boat Line* v. *Commissioners of Everglades Drainage District*, 258 U. S. 338.

A statute cannot revive a barred cause of action where the time for prosecuting it was fixed by contract (*Home Ins. Co.* v. *Dick*, 281 U. S. 397, 409; *New York Central Railroad* v. *Lazarus*, 278 Fed. 900, 904), or, it seems, by a statute that made the limitation of time inhere in the right rather than in the remedy. *William Danzer & Co. Inc.* v. *Gulf & Ship Island Railroad*, 268 U. S. 633, 636, 637. *Home Ins. Co.* v. *Dick*, 281 U. S. 397, 409, note. *Link* v. *Receivers of Seaboard Air Line Railway*, 73 Fed. (2d) 149. See also *Castaline* v. *Swardlick*, 264 Mass. 481; *Melnik* v. *Perwak*, 295 Mass. 512.

Where an occupant of land has had undisturbed adverse possession for the period required to bar an action by the real owner for its recovery, the occupant has acquired a good title (*Currier* v. *Studley*, 159 Mass. 17, 22; *Attorney General* v. *Revere Copper Co.* 152 Mass. 444; *Toltec Ranch Co.* v. *Cook*, 191 U. S. 532, 538; *Northern Pacific Railway* v. *Ely*, 197 U. S. 1, 8), of which he cannot constitutionally be deprived by a subsequent statute removing the bar of the statute of limitations. Likewise it has been held that similar possession of personalty for the period of the statute of limitations not only bars an action but also passes title. *Chapin* v. *Freeland*, 142 Mass. 383. *Currier* v. *Studley*, 159 Mass. 17. *Pike* v. *Proctor*, 303 Mass. 535, 537. *Davis* v. *Mills*, 194 U. S. 451, 457. When by the operation of the statute of limitations title has passed to either real or personal property, it cannot constitutionally be divested by a statutory revival of the right of action. *Campbell* v. *Holt*, 115 U. S. 620, 623. *Stewart* v. *Keyes*, 295 U. S. 403, 417.

The case before us, however, relates to an ordinary common law claim *in personam* for damages. In such a case as

this the running of the statute of limitations bars the remedy but does not destroy the right. *Castaline* v. *Swardlick*, 264 Mass. 481, 484. *McLearn* v. *Hill*, 276 Mass. 519, 522, 523. *Gallo* v. *Foley*, 296 Mass. 306, 309. *Brown* v. *Great American Indemnity Co.* 298 Mass. 101, 103, 104. *In re Salmon*, 249 Fed. 300. *Warner* v. *Buffalo Drydock Co.* 67 Fed. (2d) 540. *Central Hanover Bank & Trust Co.* v. *United Traction Co.* 95 Fed. (2d) 50. *Daube* v. *United States*, 1 Fed. Sup. 771. In general, the bar of a statute of limitations may be waived, and is waived unless pleaded. A part payment or new promise, even by the executor or administrator of the debtor, waives as to liability in contract the bar of the general statute of limitations. *Clark* v. *Jones*, 233 Mass. 591. *Gillingham* v. *Brown*, 178 Mass. 417. *Slattery* v. *Doyle*, 180 Mass. 27, 28. *Haskell* v. *Manson*, 200 Mass. 599. The reason why he may not waive the bar of the special or short statute of limitations applicable to actions against the estates of decedents, is that his fiduciary obligations are inconsistent with authority to do so. *Brown* v. *Anderson*, 13 Mass. 201. *Emerson* v. *Thompson*, 16 Mass. 429, 432. *Lamson* v. *Schutt*, 4 Allen, 359. *Nochemson* v. *Aronson*, 279 Mass. 278, 282. *Gallo* v. *Foley*, 296 Mass. 306, 310.

The effect of the statute in a case like the present being to bar the remedy rather than the right, it was held in *Campbell* v. *Holt*, 115 U. S. 620, that a defendant has no vested right in the protection afforded by the fact that an action has become barred by the statute of limitations, and is not deprived of his property by a statutory removal of the bar. Miller, J., said (page 628): "We certainly do not understand that a right to defeat a just debt by the statute of limitations is a vested right, so as to be beyond legislative power in a proper case. The statutes of limitation . . . are founded in public needs and public policy — are arbitrary enactments by the law-making power. . . . The right does not enter into or become a part of the contract. No man promises to pay money with any view to being released from that obligation by lapse of time. It violates no right of his, therefore, when the legislature says, time shall be no bar, though such was the law when the contract was made."

Hitherto this court has not found occasion either to follow or to reject *Campbell* v. *Holt*; neither do we find any now. In *Danforth* v. *Groton Water Co.* 178 Mass. 472, 476, and in *Dunbar* v. *Boston & Providence Railroad*, 181 Mass. 383, 385, 386, the doctrine of that case was doubted, though not actually disapproved, in opinions by Chief Justice Holmes. And it has been said that the cautious approach to the doctrine of *Campbell* v. *Holt*, made by this court in the *Danforth* and *Dunbar* cases, *supra*, traversed "somewhat swampy ground" (*Woodward* v. *Central Vermont Railway*, 180 Mass. 599, 603; *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 8; *Ziccardi's Case*, 287 Mass. 588, 591), and went "to the verge." *Browne* v. *Browne*, 215 Mass. 76, 79. In the Supreme Court of the United States, *Campbell* v. *Holt* has been referred to as though open to reëxamination. *William Danzer & Co. Inc.* v. *Gulf & Ship Island Railroad*, 268 U. S. 633, 636, 637. *Home Ins. Co.* v. *Dick*, 281 U. S. 397, 409. The cases for and against the doctrine of *Campbell* v. *Holt* are collected in a note to *Robinson* v. *Robins Dry Dock & Repair Co.* 238 N. Y. 271, in 36 A. L. R. 1316.

But this court has held that, at least in cases falling within a restricted but not precisely delimited field, the running of the statute of limitations against a claim *in personam* does not create a vested right to immunity that cannot constitutionally be taken away by a statutory revival of an action or of the right to bring an action. The present case seems to us to lie within that field. Obvious differences exist between the present case and the typical case to which the broad doctrine of *Campbell* v. *Holt* would be applicable. Here a defendant did not rest until the right to sue became barred, in the belief that no cause of action existed or would be pressed. On the contrary, the plaintiff brought her action promptly, and it still remains on the docket. No act or omission of hers could lead to a reasonable belief that she had abandoned her claim. The only irregularity was the result of her failure seasonably to discover that the original defendant had died pending the action, and that an executor had been appointed and had given bond. In most

similar cases an executor or administrator would be well aware of the plaintiff's ignorance of danger, and silently watchful for the time when the plaintiff's right to summon him in would become barred. That may have been true in this case. See *Nichols* v. *Pope*, 287 Mass. 244, 247. In the present case we think that a statute reviving the right to summon in the executor does not deprive him of property without due process of law. "The constitutional provisions allow a certain limited degree of latitude in dealing with cases where remedies have been extinguished by lapse of time when the seeming infraction of right is not very great and when justice requires relief." *Dunbar* v. *Boston & Providence Railroad*, 181 Mass. 383, 386. *Danforth* v. *Groton Water Co.* 178 Mass. 472. *Robinson* v. *Robins Dry Dock & Repair Co.* 238 N. Y. 271. *Decker* v. *Pouvailsmith Corp.* 252 N. Y. 1, 5, 6. *Forbes Pioneer Boat Line* v. *Commissioners of Everglades Drainage District*, 258 U. S. 338. See also *Browne* v. *Browne*, 215 Mass. 76, 79; *Weiss* v. *Director General of Railroads*, 250 Mass. 12, 17; *Forster* v. *Forster*, 129 Mass. 559, 564–566.

A second constitutional question remains. Very likely if final judgment of dismissal (*Farnum* v. *Brady*, 269 Mass. 53, 54) had been entered, relief could not now be given, because the retroactive effect of St. 1938, c. 16, is restricted to actions which were "pending" on the effective date of St. 1937, c. 406, § 1, and possibly also because a final judgment cannot constitutionally be vacated by a later statute. *Casieri's Case*, 286 Mass. 50. *Ziccardi's Case*, 287 Mass. 588. It is contended, especially by counsel for the defendant in a similar case decided at the same time as this case, that the statute denies the equal protection of the laws, because the result may depend upon whether judgment of dismissal was actually entered in a case which was ripe for dismissal. But the avoidance of further constitutional difficulty and doubt furnishes a sufficient basis for classification. *Packer Corp.* v. *Utah*, 285 U. S. 105. It is not necessary to the validity of a statute that it reach every manifestation of the evil against which it is directed. *West Coast Hotel Co.* v. *Parrish*, 300 U. S. 379, 400. *Na-*

*tional Labor Relations Board* v. *Jones & Laughlin Steel Corp.* 301 U. S. 1, 46. *United States* v. *Carolene Products Co.* 304 U. S. 144, 151.

> *Interlocutory and final decrees reversed.*
> *Demurrer overruled.*