Van Voorhis, J.
In affirming the order denying defendant’s motion to dismiss the complaint upon the ground that the cause of action is barred by the Statute of Limitations, it is not necessary to decide whether the ruling of the Supreme Court of the United States in Campbell v. Holt (115 U. S. 620) is generally applicable in New York State.
Regardless of whether the limitation of time in which to commence this action would otherwise be regulated by section 24 of the Civil Practice Act, the action is included in the more restricted class defined by section 27. This cause of action accrued in favor of a person ££ disabled to sue in the courts of the state by reason of either party being an alien subject or citizen of a country at war with the United States ”, within the language of section 27. The intention of that sentence would seem to be broad enough to include citizens of enemy-occupied countries. The United States was not at war when this cause of action accrued; consequently the duration of the war could not be excepted from the limitation period (Nathan v. Equitable Trust Co., 250 N. Y. 250), until sections 27 and 28 were amended by chapter 326 of the Laws of 1949. The amendatory act eliminated the previous requirement that the war shall have been in progress when the cause of action accrued, in order to toll the Statute of Limitations. Plaintiff’s cause of action was already barred when the 1949 amendment was enacted.
This case therefore involves an aspect of the power of the Legislature to revive barred causes of action, in view of the provision in the amending statute that it£ ‘ shall apply to actions heretofore accrued or hereafter accruing and whether or not such actions have heretofore been barred by any statute of limitations, provided, however, that nothing herein contained shall operate to revive a cause of action heretofore barred where such revival would affect an interest in property which has resulted from the expiration of the time heretofore limited by law for the commencement of an action.”
*221 The proviso at the end follows a distinction drawn in Campbell v. Holt (supra) between the constitutionality of statutes reviving personal causes of action, and causes of action affecting an interest in property. The Legislature appears to have enacted this statute in that form, as a precaution in event that the courts of New York State might adopt the constitutional doctrine of the majority in Campbell v. Holt.
In Hopkins v. Lincoln Trust Co. (233 N. Y. 213, 215) it was stated per Cabdozo, J.: “ The power thus to revive has been upheld in some jurisdictions (Campbell v. Holt, 115 U. S. 620). In others, it has been denied or doubted (Board of Education v. Blodgett, 115 Ill. 448; Eingartner v. Illinois Steel Co., 103 Wis. 373, 380; Danforth v. Groton Water Co., 178 Mass. 472, 476, 478; Dunbar v. Boston & P. R. R. Co., 181 Mass. 383, 386). In our own state there are conflicting dicta (Hulbert v. Clark, 128 N. Y. 295; House v. Carr, 185 N. Y. 453; contra, Germania Savings Bank v. Village of Suspension Bridge, 159 N. Y. 362, 368). A decision of the case before us does not compel a choice between them. Revival is an extreme exercise of legislative power. The will to work it is not deduced from words of doubtful meaning. Uncertainties are resolved against consequences so drastic.”
In the later case of Robinson v. Robins Dry Dock & Repair Co. (238 N. Y. 271, 276-277), speaking of Campbell v. Holt, it was stated per Lehman, J.; ‘ ‘ The decisions of some State courts furnish strong and possibly preponderating authority against this conclusion but upon this appeal we need not decide which line of authority the courts of this State should eventually follow for the exercise of the legislative power may be upheld in this case upon grounds which are applicable even if the general power to revive a cause of action for personal debts or a cause of action for tort is doubted or denied.”
Most of the decisions in other States are to the effect that it is beyond the power of the Legislature to revive causes of action after the limitation period has expired, regardless of whether they are in rem or in personam. (Dunbar v. Boston & Providence R. R., 181 Mass. 383; Board of Education v. Blodgett, 155 Ill. 441; Lawrence v. City of Louisville, 96 Ky. 595; Moore v. State, 43 N. J. L. 203; Martin v. Martin, 35 Ala. 560; Couch v. McKee, 6 Ark. 484; Raymer v. Conley Lumber Co., 169 Okla. 576; Baldro v. Tolmie, 1 Ore. 176; Moore v. Luce, 29 Pa. St. 260; Wilson v. Work, 122 Tex. 545; Ireland v. Mackintosh, 22 Utah 296; Kesterton v. Hill, 101 Va. 739; Eingartner v. Illinois Steel Co., 103 Wis. 373.)
*222 Nevertheless, this rule is not absolute, and does not invalidate legislation lifting the bar where the circumstances are such as to indicate the presence of a strong moral obligation to do so. Such a statute was upheld in Robinson v. Robins Dry Dock & Repair Co. (238 N. Y. 271, 279, supra), in which it was stated: “ In the subsequent case of Dunbar v. Boston & P. R. R. Corporation (181 Mass. 383) the court again in an opinion by Chief Justice Holmes stated ‘ that the constitutional provisions allow a certain limited degree of latitude in dealing with cases where remedies have been extinguished by lapse of time when the seeming infraction of right is not very great and when justice requires relief. It is unnecessary to go so far as Campbell v. Holt.’ ”
A statute which almost exactly parallels the 1949 amendment of sections 27 and 28 of the Civil Practice Act was enacted in 1873, in West Virginia, and was held to be constitutional notwithstanding that it revived a claim that had been barred during the Civil War. (Huffman v. Alderson’s Adm’r., 9 W. Va. 616.) At page 626, in a carefully considered opinion, the court said: ‘ ‘ The true view, as I conceive, is that when the time prescribed by the statute of limitations expires, the plaintiff is by operation of law, and not by contract, divested of all right of action. Can the legislature subsequently confer on the plaintiff, by statute, a right of action which he has not when the statute is passed? Certainly, as a general rule, the legislature can possess no such power * * * But, while this is the general rule, there are acknowledged exceptions to it.”
The obstruction to the prosecution of an action created by war conditions was regarded as a consideration of so compelling and extraordinary a nature as to justify a departure from the general rule.
The order appealed from should be affirmed, with $20 costs and disbursements.
Peck, P. J., Glehnon, Dore and Shieutag, JJ., concur.
Order unanimously affirmed, with $20 costs and disbursements. [See post, p. 898.]