LOUIS DECOTA *vs.* TOWN OF STOUGHTON
(and a companion case[1]).

Norfolk.   January 21, 1987. — March 6, 1987.

Present: KASS, QUIRICO, & WARNER, JJ.

*Taxation,* Real estate tax: withholding amount of tax. *Set-Off. Limitations, Statute of.*

The treasurer-collector of a town, acting pursuant to G. L. c. 60, § 93, prop-
erly withheld the amount of the judgment creditor's unpaid real estate
taxes from the sum paid pursuant to a judgment on account of certain
land takings, even though the statute of limitations would have barred
the town from recovering the unpaid taxes in an action under G. L.
c. 60, § 35. [619-621]

CIVIL ACTIONS commenced in the Superior Court on April
8, 1976.

Motions for the issuance of successive or alias executions
were heard by *Suzanne V. DelVecchio,* J.

*Joyce Frank* for the defendant.

*Francis J. Finnell* for the plaintiff.

WARNER, J. On April 8, 1976, the plaintiff commenced two
eminent domain actions (later consolidated) against the defend-
ant, the town of Stoughton. On December 12, 1985, the parties
entered into an agreement for judgment which called for the
payment to the plaintiff of $650,000 on account of the land
takings. Execution issued on December 19, 1985. The treas-
urer-collector for the town made an examination of the collec-
tor's records about February 11, 1986, which revealed that the
plaintiff owed real estate taxes on properties not subjects of
the taking in the amount of $18,984.93. Relying on G. L.
c. 60, § 93, as amended by St. 1945, c. 397, § 2, the pertinent

---

[1] The companion case is between the same parties.

portions of which are set out in the margin,[2] the treasurer-collector, acting as treasurer, subsequently withheld that sum from the amount paid pursuant to the agreement for judgment. Thereafter, the plaintiff filed motions for successive or alias executions for the amount withheld plus interest which were allowed by a Superior Court judge. From that action, the town appeals.

The parties are in agreement that (1) the remedies afforded municipalities for the collection of taxes are cumulative, see *Boston Five Cents Sav. Bank* v. *Boston,* 318 Mass. 183, 188 (1945), and (2) G. L. c. 60, § 93, provides a statutory set-off procedure. *Id.* at 185-186. The plaintiff does not contest, nor could he, the assessment or the amount of the taxes in question. See *Sears* v. *Nahant,* 221 Mass. 435 (1915); *Boston* v. *Second Realty Corp.,* 9 Mass. App. Ct. 282 (1980), and cases cited. Rather, the plaintiff argues, the town is barred from setting off the amount of these real estate taxes because it would have been foreclosed from bringing an action of contract against the plaintiff to recover them. See G. L. c. 60, § 35, and G. L. c. 260, § 2.[3]

One of the ways by which a municipality may recover delinquent real estate taxes is by an action in contract. G. L. c. 60, § 35, as appearing in St. 1946, c. 251, § 1.[4] If that route is

---

[2] "The treasurer or other disbursing officer of any town may, and if so requested by the collector shall, withhold payment of any money payable to any person from whom there are then due taxes, assessments, rates or other charges committed to such collector, which are wholly or partly unpaid, whether or not secured by a tax title held by the town, to an amount not exceeding the total of the unpaid taxes, assessments, rates and other charges, with interest and costs. The sum withheld shall be paid or credited to the collector, who shall, if required, give a written receipt therefor."

[3] The plaintiff also argues on appeal that the set-off procedure violated his rights to due process in that he was denied the opportunity to raise the question of the applicability of the statute of limitations before the taxes were withheld. This issue was not adequately raised in the Superior Court, and we do not consider it. See *Trustees of Stigmatine Fathers, Inc.* v. *Secretary of Admn. & Fin.,* 369 Mass. 562, 565 (1976); *Caswell* v. *Licensing Commn. for Brockton,* 387 Mass. 864, 866 n.2 (1983). But, as to the merits of the issue, cf. *Old Colony R.R.* v. *Assessors of Boston,* 309 Mass. 439 (1941).

[4] General Laws c. 60, § 35, provides: "If a tax which has been committed to a collector remains unpaid after it has become due and payable, it may be

chosen, the six-year statute of limitations contained in G. L. c. 260, § 2, applies. *Boston* v. *Gordon,* 342 Mass. 586, 589-591 (1961).[5] However, we think the plain language of the statutes involved and the obvious purpose for which they were enacted, see *Mellor* v. *Berman,* 390 Mass. 275, 280-281 (1983), compel the conclusion that the Legislature intended the remedy provided by G. L. c. 60, § 93, to be not only cumulative but unaffected by any statute of limitations. General Laws c. 60, § 35, itself provides that an action in contract is only one method for the collection of delinquent taxes from the taxpayer; such may be recovered "in an action of contract or in *any other appropriate action, suit or proceeding . . .* against the person assessed for such tax" (emphasis supplied). A "statute of limitations bars the [particular] remedy but does not destroy the right." *Mulligan* v. *Hilton,* 305 Mass. 5, 11 (1940). The "language [of G. L. c. 60, § 93] is broad in scope. It authorizes the treasurer to 'withhold payment of any money payable to any person' whose taxes are unpaid in whole or in part. It empowers the treasurer to withhold voluntarily, and

recovered in an action of contract or in any other appropriate action, suit or proceeding brought by the collector either in his own name or in the name of the town against the person assessed for such tax."

[5] In the Superior Court and in this court the plaintiff conceded that the amount of delinquent taxes withheld from the eminent domain payment represented taxes for the fiscal years (July 1 through June 30, see G. L. c. 44, § 56, & c. 59, § 57) 1976-1977 "to the present" (i.e., 1986). Thus, it is clear that, even if the plaintiff's statute of limitations argument were valid, an action in contract for the recovery of some of the unpaid taxes would not have been barred when the set-off under G. L. c. 60, § 93, was made.

We note that, on the plaintiff's concession, none of the town's claims for unpaid taxes had matured when the eminent domain actions were commenced on April 8, 1976. A set-off existing at the time an action is filed may be pleaded by permissive counterclaim and a set-off which later matures may likewise be pleaded with the approval of the court. Mass.R.Civ.P. 13(b) & (e), 365 Mass. 758, 759 (1974). In either case, the statute of limitations as to the set-off is computed "as if an action had been commenced therefor at the time the plaintiff's action [here the eminent domain actions] was commenced." G. L. c. 260, § 36, inserted by St. 1973, c. 1114, § 341. See generally *Bose Corp.* v. *Consumers Union of United States, Inc.,* 367 Mass. 424, 427-431 (1975).

makes such action mandatory on him if the collector so requests. The only limitation is that the amount withheld shall not exceed the unpaid tax with interest and costs." *Boston Five Cents Sav. Bank* v. *Boston, supra* at 186. "Clearly the withholding in question was authorized by § 93 unless it was expressly or impliedly prohibited by some other provision of law." *Ibid.* We hold that there is no such prohibition. The Legislature could, and we think did, determine that where public funds are to be paid to a delinquent taxpayer it is appropriate and in the public interest that, by a set-off procedure, the taxpayer satisfy his outstanding proportionate obligation (to the extent of the available payment) to fund the operation of the government, see art. 10 of the Declaration of Rights of the Constitution of the Commonwealth, without regard to whether that obligation could be enforced by an in personam action in contract against the plaintiff. See *Boston* v. *Gordon, supra* at 591. The statutory scheme in this regard is consistent. See the essentially parallel provisions of G. L. c. 79, § 44A, which applies when the unpaid taxes relate to the land taken by eminent domain. See also G. L. c. 41, § 38A, as appearing in St. 1941, c. 211. ("Such a collector [of taxes] shall in the collection of such accounts [due to a city or town] have all the remedies provided by sections thirty-five, thirty-six and ninety-three of chapter sixty for the collection of taxes on personal estate").

The orders allowing the motions for issuance of successive or alias executions are vacated.

*So ordered.*